[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION AND JUDGMENT ENTRY
* * * * *
This case is on appeal from the March 20, 1997 judgment of the Lucas County Court of Common Pleas, which sentenced appellant following his entry of a guilty plea and conviction of aggravated burglary (R.C. 2911.11
(A)(1)), with a firearm specification, and robbery (R.C. 2911.02(A)(3)).
Pursuant to the guidelines set forth in Anders v.California (1967), 386 U.S. 738, appellant's court-appointed appellate counsel has filed an appellate brief and motion to withdraw as counsel. She mailed a copy of the brief and motion to appellant and informed him that he had a right to file his own brief.
Appellant's counsel states in her motion that she thoroughly reviewed the record in this case and concluded that the trial court did not commit any error prejudicial to appellant. However, in compliance with the requirements of Anders v.California, supra, appellant's counsel has submitted a brief setting forth as follows the only possible assignment of error:
 "WHETHER DEFENDANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL THROUGHOUT THE PROCEEDINGS RESULTING IN A VIOLATION OF HIS SIXTH AMENDMENT RIGHTS TO THE UNITED STATES CONSTITUTION"
Appellant's appointed counsel has included arguments that support this assignment of error, but concludes that they are unsupported by the record and/or by the law. Therefore, she concludes that an appeal would be frivolous. Appellant did not submit his own brief. This court now has the obligation to fully examine the submitted assignments of error and the record in this case to decide whether the appeal is frivolous. Id. at 744.
The only potential assignment of error appellant's counsel could allege was ineffective assistance of counsel. Appellant's counsel argues that the appointed trial counsel was ineffective because appellant did not understand the elements of the charges against him or the defense he could have presented. To substantiate this argument, appellant contends that he did not have a weapon when he robbed the fast food restaurant and his lawyer did not inform him of a possible defense based upon this fact; his lawyer talked him into pleading guilty; and he did not know what he was doing because he was suffering from a cocaine addiction at the time.
Appellant bears the burden of proving that his counsel was ineffective since an attorney is presumed competent.Strickland v. Washington (1984), 466 U.S. 668, 687-689, and Statev. Lott (1990), 51 Ohio St.3d 160, 174, certiorari denied (1990),498 U.S. 1017. To meet this burden of proof, appellant must show that: (1) there was a substantial violation of the attorney's duty to his client, and (2) the defense was prejudiced by the attorney's actions or breach of duty in that there is a reasonable probability of a different result in the case. Strickland, supra, and State v. Smith (1985), 17 Ohio St.3d 98, 100.
The sentence hearing transcript does not support appellant's allegations of the facts surrounding his entry of a guilty plea. At the hearing, appellant acknowledged that he discussed possible defenses with his lawyer, that it was his decision to enter the plea, and that he was not under the influence of drugs at the time of the hearing. Therefore, we agree with appellant's appellate counsel that this assignment of error is frivolous.
We have also reviewed the record and found that it does not disclose any other errors by the trial court that would justify a reversal of the judgment. Therefore, we find this appeal to be wholly frivolous. Counsel's request to withdraw as appellate counsel is found well-taken and is hereby granted.
Having found that the trial court did not commit error prejudicial to appellant, the judgment of the Lucas County Court of Common Pleas is hereby affirmed. Pursuant to App.R. 24, appellant is hereby ordered to pay the court costs incurred on appeal.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 7/1/92.
 _______________________________ Peter M. Handwork, P.J.
JUDGE
 _______________________________ Melvin L. Resnick, J.
JUDGE
 _____________________________ James R. Sherck, J.
JUDGE
CONCUR.