Appellant Misty D. Lade appeals from her conviction in the Medina County Court of Common Pleas. We affirm.
Lisa Nichols lives in an apartment in the city of Medina, Ohio. On or about November 10, 1997, Nichols noticed that her wedding rings were missing from the medicine cabinet in her bathroom. After searching for the rings in her apartment, she began to suspect that the rings were stolen. She narrowed down the list of people who had access to her bathroom to two: Lade, and Chris Clizbe, Lade's then-boyfriend.
Nichols began searching for her rings in area pawn shops and found what was left of them in Lyle's Jewelry and Coin Shop. She then asked the owner of the pawn shop to retrieve the purchase order. On the purchase order, Lade's name appeared as the person who pawned the rings. Nichols then filed a report with Officer James Stevens of the Medina Police Department.
After taking Nichols' report, Stevens went to Lyle's and took what was left of Nichols' rings into evidence. Stevens then telephoned Lade. Lade immediately told Stevens that she had taken the rings. Stevens then asked her to come to the police station to make a statement, which she did. At the police station, Lade told Stevens that she took the rings, that she asked Clizbe to drive her to Lyle's, and that she pawned the rings for $150. Lade also gave a written statement to the same effect.
Lade was indicted on one count of theft, in violation of R.C.2913.02(A)(1). A jury trial was held on May 6 and 7, 1998, in the Medina County Court of Common Pleas. The jury returned a guilty verdict, and the trial court sentenced Lade to a prison term of eight months. This appeal followed.
Lade asserts four assignments of error. We will address each in turn.
First Assignment of Error
 The trial court committed reversible error in admitting the inculpatory statement made by appellant without first inquiring into the voluntariness of said statement.
Second Assignment of Error
 The appellant was denied her constitutional rights in that the court admitted into evidence the confession obtained from the appellant without her being fully advised of and waiving her rights under Miranda v. Arizona.
We will address the first two assignments of error together, as they involve a common issue: whether Lade's statements to Stevens should have been admitted into evidence. Lade argues that the oral and written statements given by Lade at the police station were not voluntarily given and were obtained in violation of Lade's Miranda rights. Her arguments are not well taken.
At trial, Lade did not object to Stevens' testimony relating to the two statements. Further, no pre-trial motion to suppress the two statements was filed. Therefore, we can only take notice of the error if it arises to the level of plain error. Crim.R. 52(B). "Notice of plain error under Crim.R. 52(B) is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." State v. Long (1978), 53 Ohio St.2d 91, paragraph three of the syllabus. In order for this court to apply Crim.R. 52(B), it must be clear that the outcome of the trial would have been different but for the alleged error. See State v.Lane (1995), 108 Ohio App.3d 477, 482.
We find that the introduction of the statements does not rise to the level of plain error. Even if Lade's statements at the police station were excluded as evidence, the prosecution could still introduce Lade's almost spontaneous confession to Stevens in their telephone conversation. The telephone confession could not be excluded under Miranda v. Arizona (1966), 384 U.S. 436,16 L.Ed.2d 694, because it was not a custodial interrogation. See State v. Perry (Oct. 9, 1996), Summit App. No. 17754, unreported, at 5. Clearly, Lade was not in police custody when Stevens spoke to her on the telephone. Based on the telephone confession and the balance of the evidence presented at trial, the exclusion of Lade's other statements would not have changed the outcome of her trial. Accordingly, the first and second assignments of error are overruled.
Third Assignment of Error
 The appellant was denied effective assistance of counsel at trial in that her trial counsel never filed any motion to suppress appellant's inculpatory statement.
In her third assignment of error, Lade argues that she was denied her constitutional right to effective assistance of trial counsel. She contends that her trial attorney's failure to move to suppress the statements she gave at the police station constituted ineffective assistance. We disagree.
A two-step process is employed in determining whether the right to effective counsel has been violated.
 First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.
Strickland v. Washington (1984), 466 U.S. 668, 687,80 L.Ed.2d 674, 693. In demonstrating prejudice, "the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." State v. Bradley (1989), 42 Ohio St.3d 136, paragraph three of the syllabus. In addition, the court must evaluate "the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Strickland, 466 U.S. at 690,80 L.Ed.2d at 695. The defendant has the burden of proof and must overcome the strong presumption that counsel's performance was adequate and that counsel's action might be sound trial strategy. Statev. Smith (1985), 17 Ohio St.3d 98, 100.
We find that Lade has failed to demonstrate ineffective assistance of trial counsel. Assuming arguendo that counsel's performance was deficient, Lade has not demonstrated prejudice. As we noted above, the result of the trial would not have been different if the two statements given to Stevens had been excluded as evidence. The balance of the evidence presented by the prosecution, coupled with Lade's telephone confession, do not demonstrate that Lade would not have been convicted but for trial counsel's failure to move to suppress the two statements at issue. The third assignment of error is overruled.
Fourth Assignment of Error
 The jury verdict against the appellant is against the manifest weight of the evidence in that the State failed to prove beyond a reasonable doubt all the essential elements of the crime of theft in the amount of $500 or more and less than $5,000, thus creating reversible error.
Lade argues in her fourth assignment of error that her conviction is against the manifest weight of the evidence. We disagree.
When a defendant asserts that her conviction is against the manifest weight of the evidence,
 an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.
State v. Otten (1986), 33 Ohio App.3d 339, 340. This discretionary power should be invoked only in extraordinary circumstances when the evidence presented weighs heavily in favor of the defendant. Id.
R.C. 2913.02(A)(1) states in relevant part: "No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services * * * [w]ithout the consent of the owner[.]" If the value of any property stolen by an offender is at least $500 but less than $5000, the offense is a fifth degree felony. R.C.2913.02(B).
Upon reviewing the record in the case at bar, we cannot say that Lade's conviction is against the manifest weight of the evidence. The testimony showed that Lade pawned Nichols' wedding rings, that the rings were purchased for $1,900 one year before they were stolen, and that Lade confessed to having taken the rings from Nichols' house without consent from Nichols. While Lade contends that there was an abundance of evidence that contradicted the prosecution's evidence, the determination of the credibility of witnesses is left to the trier of fact. State v. Caldwell (1992), 79 Ohio App.3d 667,679. The trier of fact did not clearly lose its way in resolving the factual conflicts in the testimony and convicting Lade. Accordingly, the fourth assignment of error is overruled.
Lade's assignments of error are overruled. The judgment of the Medina County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Medina, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
Exceptions.
 -------------------- DANIEL B. QUILLIN FOR THE COURT
BAIRD, P. J., SLABY, J., CONCUR
(Quillin, J., retired Judge of the Ninth District Court of Appeals, sitting by assignment pursuant to Section 6(C), Article IV, Constitution.)