This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant Raul Medina appeals from his adjudication as a sexual predator in the Lorain County Court of Common Pleas. We affirm.
On October 27, 1987, appellant was indicted by the Lorain County Grand Jury on three counts: one count of illegal use of a minor in nudity-oriented material or performance, one count of possession of criminal tools, and one count of contributing to the delinquency of a minor. The indictment was based on an incident between appellant and a fifteen-year-old girl. Appellant enticed the girl, who was on her way to school, to go with him to his residence. Once there, he gave her wine coolers and beer to drink, had her put on revealing clothing, and engaged in sexual intercourse with her. Appellant also videotaped these events. Afterwards, appellant told the girl to bring her friends to his residence so that he could engage in similar activities with them. Appellant pleaded not guilty to the charges.
On April 19, 1988, appellant pleaded guilty to one count of illegal use of a minor in nudity-oriented material or performance, and the two other counts were dismissed. A presentence investigation report was ordered. At sentencing, the trial court placed appellant on probation for five years. During that term, appellant violated his probation. The trial court reimposed the original sentence of three to fifteen years of incarceration.
On May 9, 1997, a hearing was held in the trial court to determine whether appellant should be adjudicated as a sexual predator pursuant to R.C. Chapter 2950. Appellant was present with counsel. At the hearing, the sole witness was the former detective who investigated appellant's case in 1987. Based on the testimony of the detective and the presentence investigation report that was compiled in 1988, the trial court found appellant to be a sexual predator. This appeal followed.
Appellant asserts three assignments of error. We will address each in turn.
 I.
Appellant argues in the first assignment of error that R.C. Chapter 2950 is unconstitutional. Specifically, he argues that the statute (1) violates the Retroactivity Clause of the Ohio Constitution, (2) violates the Ex Post Facto Clause of the United States Constitution, and (3) violates the Equal Protection Clauses under the Ohio and United States Constitutions. R.C. Chapter 2950 does not violate the Retroactivity Clause of the Ohio Constitution or the Ex Post Facto Clause of the United States Constitution.State v. DeAngelo (Mar. 10, 1999), Lorain App. No. 97CA006902, unreported, at 2. This court has previously held that Ohio's sexual predator law does not violate equal protection. State v.Gropp (Apr. 8, 1998), Lorain App. No. 97CA006744, unreported, at 10-11. Appellant's first assignment of error is overruled.
 II.
Appellant argues in his second assignment of error that he was denied his constitutional right to effective assistance of counsel. He contends that his counsel was ineffective for failing to object to the sexual predator hearing as a violation of Crim.R. 11. According to appellant, the trial court that sentenced him was required under Crim.R. 11(C)(2) to inform him of the punishment he could possibly receive because he pleaded guilty to the charge against him. Appellant contends that he would not have pleaded guilty had he known that he would have been subject to adjudication as a sexual predator, and that the failure of his attorney to raise that issue at the sexual predator hearing constituted ineffective assistance of counsel. His contentions are without merit.
A two-step process is employed in determining whether the right to effective counsel has been violated.
 First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.
 Strickland v. Washington (1984), 466 U.S. 668, 687,80 L.Ed.2d 674, 693. In demonstrating prejudice, the defendant must prove that "there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." State v. Bradley (1989), 42 Ohio St.3d 136, paragraph three of the syllabus. In addition, the court must evaluate "the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct."Strickland, 466 U.S. at 690, 80 L.Ed.2d at 695. The defendant has the burden of proof and must overcome the strong presumption that counsel's performance was adequate and that counsel's action might be sound trial strategy. State v. Smith (1985), 17 Ohio St.3d 98,100.
In DeAngelo, supra, at 3-4, this court held that an offender being adjudicated as a sexual predator does not violate Crim.R. 11. Therefore, appellant's counsel was not ineffective for failing to object on that basis. Appellant's second assignment of error is overruled.
 III.
In his third assignment of error, appellant argues that the trial court's decision to designate him a sexual predator is not supported by clear and convincing evidence. He further contends that the trial court erred by relying on the presentence investigation report when it found appellant to be a sexual predator. These arguments are not well taken.
Appellant first argues that the trial court should not have considered the presentence investigation report in making its decision. We note that appellant did not object to the use of the report and has waived all but plain error. "Notice of plain error under Crim.R. 52(B) is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." State v. Long (1978), 53 Ohio St.2d 91, paragraph three of the syllabus. In order for this court to apply Crim.R. 52(B), it must be clear that the outcome of the trial would have been different but for the alleged error. State v.Lane (1995), 108 Ohio App.3d 477, 482.
In the case at bar, no plain error exists. In State v. Cook
(1998), 83 Ohio St.3d 404, 425, the Ohio Supreme Court determined that "reliable hearsay, such as a presentence investigation report, may be relied upon by a trial judge." Given the supreme court's approval of the use of such reports in sexual predator hearings, we cannot say that a manifest miscarriage of justice has occurred.
Appellant also argues that there was not clear and convincing evidence to support his adjudication as a sexual predator. If an offender is to be adjudicated as a sexual offender, a trial court must hold a hearing pursuant to R.C. 2950.09(B). "At the hearing, the offender and the prosecutor shall have an opportunity to testify, present evidence, call and examine witnesses and expert witnesses, and cross-examine witnesses and expert witnesses regarding the determination as to whether the offender is a sexual predator." R.C. 2950.09(B)(1). In making this determination, the trial court must consider all relevant factors, including, but not limited to, all of the following:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
R.C. 2950.09(B)(2).
In order for a trial court to adjudicate an offender as a sexual predator, the court must consider the factors outlined above and the testimony and evidence presented, and determine whether there is clear and convincing evidence that the offender is a sexual predator. R.C. 2950.09(C)(2). The standard of clear and convincing evidence is met if the evidence produces a firm belief or conviction as to the matter to be established in the mind of the trier of fact. State v. Rexroad (Apr. 1, 1998), Summit App. No. 18539, unreported, at 3. In reviewing the trial court's decision, we must examine the record to determine whether sufficient evidence exists to meet the clear and convincing standard. Cross v. Ledford (1954), 161 Ohio St. 469, 477.
 The record shows the following: At the time that the offense underlying the present appeal was committed, appellant was thirty-five years of age. Appellant had previously been convicted of driving under the influence and possession of marijuana. The victim was fifteen years old at the time the offense was committed. Alcohol, in the form of wine coolers and beer, was used to impair the victim of the offense. Appellant did complete his sentence for his prior convictions several years before committing the offense at issue in this case. The presentence investigation report indicated that persons with a psychological profile similar to that of appellant experience conflicts in dealing with members of the opposite sex and are resistive to medical or psychological intervention or treatment. As to the nature of the sexual conduct, appellant had sex with a fifteen-year-old girl, videotaped the act, and told her to have her friends go to appellant's residence so that he could repeat those actions with them. Appellant was also heavily involved with commercial pornography, as several pornographic magazines and videotapes were found in his residence. The evidence before the trial court creates a firm conviction that appellant is "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E). Accordingly, appellant's third assignment of error is overruled.
Appellant's assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Lorain, Common Pleas Court, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file-stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
FOR THE COURT
BAIRD, P.J.
CARR, J.
CONCUR
(Quillin, J., retired Judge of the Ninth District Court of Appeals, sitting by assignment pursuant to Section 6(C), Article IV, Constitution.)