DECISION AND JUDGMENT ENTRY
This case is on appeal from the November 29, 1999 judgment of the Lucas County Court of Common Pleas, which sentenced appellant, Lamar Cartlidge, following his conviction for violating R.C. 2911.01(A)(1), aggravated robbery, with a firearm specification (R.C. 2941.145). Pursuant to the guidelines set forth in Anders v. California (1967),386 U.S. 738, appellant's court-appointed appellate counsel has filed an appellate brief and motion to withdraw as counsel. She mailed a copy of the brief and motion to appellant and informed him that he had a right to file his own brief.
Appellant's counsel states in her motion that she thoroughly reviewed the record in this case and concluded that the trial court did not commit any error prejudicial to appellant. However, in compliance with the requirements of Anders v.California, supra, appellant's counsel has submitted a brief setting forth the following possible assignments of error:
 "Whether Pursuant to Ohio Law and the United States Constitution, the Defendant-Appellant's Conviction is Supported by Sufficient Proof of Guilt as to Each Essential Element of the Offenses Charged.
 "Whether Defendant-appellant's Convictions Are Against the Manifest Weight of the Evidence.
 "Whether Defendant-Appellant was Denied the Effective Assistance of Counsel at Trial, in Violation of his Sixth Amendment Rights."
Appellant's appointed counsel concludes that these alleged errors are unsupported by the record. Therefore, she concludes that an appeal would be frivolous. Appellant did not submit his own brief.
The following evidence was presented in this case. Ray Malczewski, owner of Malczewski's Market, testified that his wife and his grandson, Allen Gladieux, were alone with him in the market on August 21, 1999. Gladieux had come in to exchange a fairly new $50 bill for some smaller bills. While these three individuals were near the cash register, two men came in. One of the men was tall and thin; the other man was shorter, with a heavy build. Both wore dark heavy clothes, hoods, and bandanas around their faces. Malczewski thought he recognized the shorter man, who held a bag, as being from the neighborhood. The taller man held a gun to the owner's head and then to his wife's head. The two robbers demanded all of the money (between $250 and $400) from the cash register and some cigarettes.
After the men left, Gladieux followed them. He caught sight of them running down a nearby alley. He directed his uncle, who lived next door to the market, to watch the alley. Gladieux then ran down the street. He could see the men running parallel to him. When they suddenly disappeared, he assumed that they could have only gone into a certain house. His uncle also testified that he saw the men turn into one of the houses off the alley.
An eleven-year old witness testified that she saw the two men leave the market. She also saw the short robber, whom she recognized, run into his house. He was dressed in dark clothes and carried a duffle bag. She saw the tall man enter a neighbor's yard but did not see him go into the same house as the other man. As soon as she saw the shorter man run into his house, she went inside her home to find her mother.
When the police arrived, they secured the house believed to contain the robbers. They found a black duffle bag on the living room floor; a revolver in the living room closet; appellant and his co-defendant, Cheveau J. Anderson, in the basement hiding behind a water heater; and eighty-six dollars on Anderson, including a fairly new $50 bill. Fifteen to twenty minutes after Gladieux had last seen the two men, the officers removed eight people from the house one at a time. Gladieux immediately identified appellant as the one who had held the gun even though he was no longer wearing dark clothing. Gladieux could not positively identify Anderson, but believed that he had the same build as the other robber. Of the eight black males in the house, no one else fit the description of either of the robbers.
The remainder of the money and the cigarettes taken from the store were never recovered; but, the officers did not thoroughly search the house because they did not have a search warrant at the time. The revolver was not dusted for fingerprints because the robber had a sock over his hand at the time of the robbery and other officers had touched the gun in the process of securing the house. The gun was later tested by the police and found to be operable.
We agree with appointed counsel that the first two assignments of error suggested are meritless. Review of the sufficiency of the evidence involves a determination as a matter of law of whether the evidence was sufficient to support the jury verdict. State v. Thompkins (1997), 78 Ohio St.3d 380, 386. Therefore, viewing the evidence in favor of the prosecution, we must determine if a rational trier of fact would have found that all the essential elements of the crime had been proven beyond a reasonable doubt. State v. Smith (1997), 80 Ohio St.3d 89, 113, certiorari denied (1998), 523 U.S. 1125, citing State v. Jenks
(1991), 61 Ohio St.3d 259, paragraph two of the syllabus.
Pursuant to R.C. 2911.01(A)(1), aggravated robbery is proven when it is established that the offender: "* * * in attempting or committing a theft offense * * * [did] * * *: (1) have a deadly weapon on or about the offender's person or under the offender's control and either display the weapon, brandish it, indicate that the offender possesses it, or use it; * * *." A firearm specification is proven under R.C. 2941.145(A) when it is established that the "* * * offender had a firearm on or about the offender's person or under the offender's control while committing the offense and displayed the firearm, brandished the firearm, indicated that the offender possessed the firearm, or used it to facilitate the offense * * *."
Upon a review of all of the evidence in this case, it is clear that the state was able to establish all of the elements of the two crimes.
The concept of manifest weight, however, goes beyond the issue of whether the evidence was legally sufficient. It requires a determination of whether a greater amount of credible evidence was presented to sustain the issues than not.Thompkins, supra at 386-387, and Smith, supra at 114. During this determination we weigh the evidence and all reasonable inferences, assess the credibility of the evidence, and consider whether the jury lost its way in evaluating the evidence and a manifest miscarriage of justice occurred. Id. and Thompkins,supra. Upon a review of the evidence, we find that there is nothing about the evidence which would even suggest that the jury could not properly assess the evidence and determine whether appellant was guilty of the charges.
Appellant's appointed counsel also presented the issue of whether appellant's appointed trial counsel rendered ineffective assistance. To establish this claim, appellant has to prove that: (1) there was a substantial violation of the attorney's duty to his client, and (2) the defense was prejudiced by the attorney's actions or breach of duty in that there is a reasonable probability of a different result in the case.Strickland v. Washington (1984), 466 U.S. 668, 687-689, andState v. Smith (1985), 17 Ohio St.3d 98, 100. Upon a review of the record, we find that neither of these elements can be established in this case.
In compliance with the directives of Anders, supra at 744, we have also fully reviewed the record and found that there are no errors by the trial court that would justify a reversal of the judgment. We find this appeal to be wholly frivolous. Counsel's request to withdraw as appellate counsel is found well-taken and is hereby granted.
Having found that the trial court did not commit error prejudicial to appellant, the judgment of the Lucas County Court of Common Pleas is hereby affirmed. Pursuant to App.R. 24, appellant is hereby ordered to pay the court costs incurred on appeal.
Peter M. Handwork, J., Richard W. Knepper, P.J.,George M. Glasser, J., CONCUR.
Judge George M. Glasser, retired, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.