DECISION AND JOURNAL ENTRY
Defendant Loren Butler appeals his conviction and designation as a sexual predator in the Wayne County Court of Common Pleas. We affirm in part and reverse in part.
In July 1998, Stacey Snodgrass, who was twelve years old, lived with her mother and brother in a trailer on her grandfather's farm on Clay Plant Road in Wayne County, Ohio. One of the hired hands on the farm was Defendant, who lived in a house fifty feet from the Snodgrass trailer. Stacy and her brother sometimes spent the night at Defendant's residence.
One night in July 1998, Stacy and her brother were sleeping at Defendant's house, with Stacy sleeping on the couch. When she woke up during the night, Defendant vaginally raped her. Defendant also vaginally raped her on at least one other occasion in the Snodgrass trailer.
Stacy reported the rapes in October 1998. Initially, her report was not believed, and the police investigation stalled. Then, on August 6 or 7, 1999, Stacy secretly tape recorded a conversation with Defendant as he drove her to church, during which the sexual assaults were discussed. Stacy gave this tape to the police, who then asked her to record a second discussion with Defendant. On August 13, 1999, a second encounter with Defendant was arranged, and Stacy tape recorded the conversation between Defendant and herself. The conversation in the second tape was much more explicit, and Defendant even attempted to persuade Stacy to engage in sexual activity with him again. The conversation was also recorded and heard by police officers by means of a body wire.
On August 18, 1999, Defendant was indicted by the Wayne County Grand Jury on one count of rape, in violation of R.C.2907.02(A)(1)(b). Defendant pleaded not guilty.
A jury trial was held on January 6, 2000. The State presented the testimony of Stacy, her mother and father, and a deputy and a detective from the Wayne County Sheriff's Office. Defendant did not testify and presented no evidence. After deliberating, the jury found Defendant guilty.
A hearing for sentencing and sexual predator classification was held on February 8, 2000. At the hearing, the trial court found Defendant to be a sexual predator and sentenced him to a nine year term of imprisonment. However, the sexual predator determination was not entered in the journalized sentencing entry. Defendant timely appealed to this court.
Defendant asserts three assignments of error. We shall address each in turn.
 Assignment of Error I [DEFENDANT'S] CONSTITUTIONAL RIGHT TO EFFECTIVE ASSISTANCE OF TRIAL COUNSEL UNDER SIXTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND ARTICLE I, SEC. 10 OF THE OHIO CONSTITUTION WAS VIOLATED, AND HIS DEFENSE PREJUDICED, BY TRIAL COUNSEL'S PERFORMANCE.
 Defendant argues in his first assignment of error that he was deprived of his constitutional right to effective trial counsel. We disagree.
A two-step process is employed in determining whether the right to effective counsel has been violated.
 First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.
 Strickland v. Washington (1984), 466 U.S. 668, 687, 80 L.Ed.2d 674, 693. In demonstrating prejudice, "the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." State v. Bradley (1989), 42 Ohio St.3d 136, paragraph three of the syllabus. In addition, the court must evaluate "the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Strickland, 466 U.S. at 690, 80 L.Ed.2d at 695. The defendant has the burden of proof, and must overcome the strong presumption that counsel's performance was adequate and that counsel's action might be sound trial strategy. State v. Smith (1985), 17 Ohio St.3d 98, 100.
Defendant first argues that trial counsel was ineffective because counsel failed to present a defense. He asserts that trial counsel should have (1) presented evidence that he had taken a polygraph test and that the results were inconclusive, (2) presented evidence that Stacy had previously made a false accusation of rape against another man, and (3) cross-examined Stacy about the previous false accusation of rape.
We conclude that trial counsel's actions were trial tactics. Defendant was indicted on one count of rape, in violation of R.C.2907.02(A)(1)(b), which requires that the other person be less than thirteen years old. According to Stacy, the acts of sexual assault occurred between July 1998 and October 1998, before her thirteenth birthday in November 1998. A reading of the transcript of proceedings shows that trial counsel pursued a strategy of attempting to cast doubt on Stacy's claims that the act occurred before she turned thirteen. Trial counsel based this strategy on statements from Stacy's first tape recorded conversation with Defendant on August 6 or 7, 1999, in which she made statements that could be construed as discussion of future, rather than past, sexual activity. The plausibility of this strategy was bolstered by Stacy's second tape recorded conversation, in which Defendant made several inculpatory statements that would have cast doubt on any claim that Stacy's story was fabricated or that no sexual activity occurred between Defendant and Stacy. Because trial counsel's actions constituted debatable trial tactics, we conclude that Defendant has not demonstrated ineffective assistance of counsel. See In re Goggins (July 29, 1998), Summit App. No. 18820, unreported, at 5.
Defendant also contends that trial counsel was ineffective by not requesting a jury instruction about Defendant's failure to testify. No such instruction was given after closing arguments. However, the trial court did instruct the jury as follows immediately after the defense rested and immediately preceding closing arguments:
 Now, for the Record the State of Ohio has rested. The Defense has rested. [Defendant] has elected not to take the stand. And I will remind you that it is not necessary that a Defendant take the witness stand in his own defense. He has a constitutional right not to testify. The fact that he did not testify must not be considered for any purpose.
 We presume that the jury followed the trial court's instructions. See State v. Garner (1995), 74 Ohio St.3d 49, 59. Because an instruction regarding Defendant's refusal to testify was placed before the jury, we conclude that the outcome of the trial would not have been different had another such instruction been given after closing arguments with the rest of the jury charge. Accordingly, Defendant has not demonstrated that he was prejudiced in that regard.
Defendant's right to effective assistance of trial counsel was not abridged. The first assignment of error is overruled.
 Assignment of Error II THE TRIAL COURT ERRED BY FINDING [DEFENDANT] A SEXUAL PREDATOR WITHOUT MAKING THE REQUISITE FINDINGS IN THE JUDGMENT OF CONVICTION CONTAINING THE SENTENCE.
 In his second assignment of error, Defendant argues that the trial court erred by not entering the sexual predator determination on his sentencing journal entry. Defendant's argument is well taken.
R.C. 2950.09(B)(3) states in relevant part:
 After reviewing all testimony and evidence presented at the hearing conducted under division (B)(1) of this section and the factors specified in division (B)(2) of this section, the judge shall determine by clear and convincing evidence whether the offender is a sexual predator. If the judge determines that the offender is not a sexual predator, the judge shall specify in the offender's sentence and the judgment of conviction that contains the sentence that the judge has determined that the offender is not a sexual predator. If the judge determines by clear and convincing evidence that the offender is a sexual predator, the judge shall specify in the offender's sentence and the judgment of conviction that contains the sentence that the judge has determined that the offender is a sexual predator and shall specify that the determination was pursuant to division (B) of this section.
 (Emphasis added.) Thus, the trial court's determination that a defendant is or is not a sexual predator must affirmatively appear in the judgment of conviction that journalizes the defendant's conviction. See State v. Jones (Sept. 30, 1999), Cuyahoga App. No. 74503, unreported, 1999 Ohio App. LEXIS 4682, at *4-*6; State v. Hammons (Dec. 15, 1997), Clermont App. No. CA97-02-007, unreported, 1997 Ohio App. LEXIS 5583, at *17-*18; State v. Dycus (Dec. 4, 1997), Franklin App. No. 97APA06-865, unreported, 1997 Ohio App. LEXIS 5415, at *10. Furthermore, a determination that a defendant is a sexual predator must be accompanied by a finding that the determination was pursuant to R.C. 2950.09(B). See State v. Jones, supra; State v. Dycus, supra.
In the case at bar, a sexual predator classification hearing was held prior to sentencing, and the trial court orally found Defendant to be a sexual predator. However, there is no finding in the sentencing entry that Defendant is or is not a sexual predator. Therefore, we must remand the matter to the trial court, and the trial court must journalize its determinations in compliance with R.C. 2950.09(B)(3). In addition, because the trial court must find that the sexual predator designation was made in accordance with R.C. 2950.09(B), we remand for a new sexual predator classification hearing. The second assignment of error is sustained.
 Assignment of Error III THE TRIAL COURT'S FINDING BY CLEAR AND CONVINCING EVIDENCE THAT [DEFENDANT] IS A SEXUAL PREDATOR IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE BECAUSE THE TRIAL COURT FAILED TO APPLY PROPERLY THE FACTORS IN REV. CODE SECTION 2950.09(B).
 For his third assignment of error, Defendant contends that the trial court's sexual predator designation was not supported by clear and convincing evidence. However, based on our disposition of the second assignment of error, the third assignment of error is moot.
The first assignment of error is overruled, the second assignment of error is sustained, and the third assignment of error is moot. The judgment of the Wayne County Court of Common Pleas is affirmed in part and reversed in part, and the cause is remanded for further proceedings consistent with this opinion.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to both parties equally.