THE STATE OF OHIO, APPELLANT, *v.* SMITH, APPELLEE.

[Cite as State *v.* Smith (1985), 17 Ohio St. 3d 98.]

(No. 84-1146—Decided May 15, 1985.)

*John T. Corrigan,* prosecuting attorney, and *George J. Sadd,* for appellant.

*Hyman Friedman,* county public defender, *Marillyn Fagan Damelio* and *Patricia Walsh,* for appellee.

WRIGHT, J. The following three propositions of law are presented for our review.

"Proposition of Law No. I.

"Defense counsel's failure to timely file a notice of alibi pursuant to Criminal Rule 12.1 does not *per se* constitute a violation of the Sixth Amendment right to effective assistance of counsel."

"Proposition of Law No. II.

"The exclusion of alibi testimony first offered by an accused after the close of the state's case in violation of Criminal Rule 12.1 does not offend any right to testify or the Sixth Amendment right to compulsory process."

"Proposition of Law No. III.

"A trial court does not abuse its discretion in precluding a defendant or other alibi witnesses from testifying when the defendant fails to file a notice of alibi as required by Criminal Rule 12.1 and then attempts to establish an alibi defense after the close of the state's case."

We shall address each proposition of law separately. First, we do not believe that defense counsel's failure to timely file a notice of alibi pursuant to Crim. R. 12.1 constitutes ineffective assistance of counsel under the facts of this case.

Crim. R. 12.1 (and its statutory predecessors) has been in effect in this state since 1929 and provides:

"Whenever a defendant in a criminal case proposes to offer testimony to establish an alibi on his behalf, he shall, not less than seven days before trial, file and serve upon the prosecuting attorney a notice in writing of his intention to claim alibi. The notice shall include specific information as to the place at which the defendant claims to have been at the time of the alleged offense. If the defendant fails to file such written notice, the court may exclude evidence offered by the defendant for the purpose of proving such alibi, unless the court determines that in the interest of justice such evidence should be admitted."

A review of the record demonstrates that, aside from his failure to comply with Crim. R. 12.1, counsel conducted the defense in an acceptable manner. In *Strickland* v. *Washington* (1984), ____ U.S. ____, 80 L. Ed. 2d 674, the United States Supreme Court adopted a two-pronged analysis for determining whether counsel's assistance was so defective as to require reversal of a conviction:

"First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland* at 693.

The court also noted that counsel is "strongly presumed" to have rendered adequate assistance, and "the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.' " *Id.* at 694-695 (quoting *Michel* v. *Louisiana* [1955], 350 U.S. 91, at 101).

The test enunciated in *Strickland* is essentially the same as the one we adopted in *State* v. *Hester* (1976), 45 Ohio St. 2d 71, 79 [74 O.O.2d 156], and *State* v. *Lytle* (1976), 48 Ohio St. 2d 391, 395 [2 O.O.3d 495]. A properly licensed attorney in Ohio is presumed competent. *Vaughn* v. *Maxwell* (1965), 2 Ohio St. 2d 299, 301 [31 O.O.2d 567]. Thus, the burden of proving ineffectiveness is on the defendant. *State* v. *Smith* (1981), 3 Ohio App. 3d 115.

We believe that the appellee has failed to meet this burden and are unconvinced that counsel's performance was so deficient as to prejudice the appellee's right to a fair trial. Counsel presented cogent arguments to the court and jury, he challenged the testimony of state witnesses by vigorous cross-examination, and he made numerous objections when appropriate. This illustrates counsel's thorough understanding of trial tactics. The record further reveals counsel's knowledge of both the facts of this case and the applicable law. The dissenting judge below noted that counsel has had extensive trial experience as a criminal defense attorney, had served as Chief Police Prosecutor for the city of Cleveland and had acted as an assistant county prosecutor in the criminal division of the Cuyahoga County Prosecutor's office.

In light of the foregoing, we cannot accept the premise that counsel was unaware of Crim. R. 12.1. Although there was no formal hearing which established counsel's reasons for failing to abide by this rule, we cannot help but conclude that counsel's noncompliance was an intended, self-serving trial tactic.[1]

We agree, therefore, with appellant's first proposition of law.

We next turn to appellant's assertion that the exclusion of alibi testimony offends neither the right to testify nor the right to compulsory process in the present case. Crim. R. 12.1 empowers a trial court to exclude alibi testimony where notification thereof has not been served on the prosecuting attorney, "unless the court determines that in the interest of justice such evidence should be admitted." The following colloquy between the court and counsel substantiates our belief that defense counsel's

---

[1] Counsel is required to consult with his client on important trial decisions. The record is devoid of any suggestion that counsel failed to communicate this tactic to the appellee. Thus, we assume that the appellee chose to disregard the notice-of-alibi rule, having the potential concomitant effect of depriving the state of a fair trial. If indeed the appellee's choice was based upon the advice of counsel, his claim must be directed to the advisability of the strategy. We are ever-mindful of the great latitude given counsel in matters of trial strategy. We are also cognizant of the possibility, however remote, that the appellee was not informed of this strategy. In either event, the appellee is entitled to pursue the matter by means of postconviction relief pursuant to R.C. 2953.21 *et seq.*

In finding that the appellee may proceed under the postconviction relief statute, we note that our decision in *State v. Cole* (1982), 2 Ohio St. 3d 112, is clearly distinguishable from the case at bar. In the syllabus in *Cole,* we stated that:

"Where defendant, represented by new counsel upon direct appeal, fails to raise therein the issue of competent trial counsel and said issue could fairly have been determined without resort to evidence *dehors* the record, *res judicata* is a proper basis for dismissing defendant's petition for postconviction relief. * * *"

In the present case, defendant, represented by new counsel on appeal, raised the issue of the competency of trial counsel. Unlike in *Cole,* however, it is possible that the issue of competency herein could not fairly have been determined without resort to evidence *dehors* the record. This evidence includes trial counsel's previous legal experience and his motivations for failing to follow the notice-of-alibi rule. Under these circumstances, *res judicata* may not be a bar to postconviction relief.

failure to supply proper notice of alibi was a trial tactic and that the trial judge was justified in holding that the interests of justice would not be served by the admission of alibi evidence:

"MR. CHANDLER [defense counsel]: You know, you keep claiming something about an alibi. I don't know. I have always, although I don't admit — I have been a member of the bar for a few years now, I really don't know much about law, but I try to learn some of the things * * *.

"Now, I don't know that anybody could pass any type of statute, ordinance or whatever, to say that a person cannot get up and say where they were at a certain time.

"'* * *

"MR. SWEENEY [assistant prosecutor]: If you'd sit down and read Rule 12.2 [*sic*] —

"MR. CHANDLER: I don't give a damn about a rule. I am talking about the fact that this man has a right to get on that witness stand and testify in his own behalf.

"You are saying that because he is going to tell the truth about where he was, then that is an alibi.

"MR. SWEENEY: I am going to say he is lying.

"MR. CHANDLER: Okay. I know you are going to say he is lying.

"MR. SWEENEY: I am going to tell you that Rule 12 is based on reason and fair play. Tell the people in the hallway that you are not familiar with Rule 12 and that is why they can't testify.

"MR. CHANDLER: I have already said that because —

"MR. SWEENEY: Any other arguments —

"MR. CHANDLER: The prosecutor is objecting because he did not receive — in fact, I did not get anything saying anything when the trial was coming up seven days —

"MR. SWEENEY: You got a letter and I've got a copy of that in my file that I can give to the Court.

"THE COURT: Insofar as technicalities go, the seven days, I have had numerous cases where the Court has been informed just prior to trial, a day or two before trial, that there would be alibi testimony and even though it was not a seven day period, I have gone along with permitting the testimony, giving the prosecutor a chance, if he is caught by surprise, to put off the trial for a few days, but here we have been in trial already.

"This is the third day of the trial and this does come as a complete surprise and —

"MR. CHANDLER: This Court had nothing whatsoever to do with the pretrials of this particular case and the prosecutor has known all the time that we intended to show that Norman —

"MR. SWEENEY: Objection. We never —

"MR. CHANDLER: — Smith had nothing to do —

"MR. SWEENEY: I was never given any notice, orally or written, of any alibi testimony. In fact, I was misled into thinking that the defendant

would not take the stand. In fact, the defendant would not offer any testimony whatsoever. That was the State's understanding right through the trial until the third day of trial.

"* * *

"MR. CHANDLER: So for purposes of the record, I will say that I did not file any notice of alibi at any point in time in connection with this case, so that when the case goes up on appeal, and I can be cited for mis-whatsoever — ineffective assistance of counsel and the case is going to be reversed, anyway.

"In the interest of fair play, it would seem if you want to do the right thing, then the man can use anybody he wants to from Idi Amin to Smokey Joe, whoever you want. But since you have already made the ruling that he can't even testify as to what he was going to, fine — not fine with me, but —

"THE COURT: Mr. Chandler, just so there is not a misunderstanding. It's not a question as to whether the defendant cannot testify. As you well know, he has a right to testify, but as to alibi testimony, no."

A careful reading of these remarks reveals that defense counsel was not unaware of Crim. R. 12.1. Counsel admitted his failure to file the required notice of alibi and challenged the trial court as to the constitutionality of the rule. He offered none of the standard excuses for failure to file in a timely manner. These considerations, in addition to counsel's experience, compel us to reiterate that the failure to comply with Crim. R. 12.1 was a matter of trial strategy.

As such, the common-sense enforcement of the notice-of-alibi rule, by the preclusion of the appellee's testimony, does not violate his constitutional right to testify. That the defendant was limited in his testimony was the result of his own failure to comply with the procedural rules of the court.

Likewise, enforcement of Crim. R. 12.1 does not violate the appellee's right to compulsory process. This rule does not prevent the issuance of process for witnesses. The rule merely sets reasonable parameters for the presentation of alibi evidence. See *Taliaferro* v. *State* (1983), 295 Md. 376, 389, 456 A. 2d 29, 36 (quoting *State* v. *Smith* [App. 1975], 88 N.M. 541, 543, 543 P. 2d 834, 836). See, also, *Rider* v. *Crouse* (C.A. 10, 1966), 357 F. 2d 317; *United States, ex rel. Snyder,* v. *Mack* (E.D. Pa. 1974), 372 F. Supp. 1077; *State* v. *Dodd* (1966), 101 Ariz. 234, 237, 418 P. 2d 571, 574; *State* v. *Roberts* (1979), 226 Kan. 740, 602 P. 2d 1355; *People* v. *Jackson* (1976), 71 Mich. App. 395, 249 N.W. 2d 132; *Commonwealth* v. *Vecchiolli* (1966), 208 Pa. Super. 483, 224 A. 2d 96; *State, ex rel. Simos,* v. *Burke* (1968), 41 Wis. 2d 129, 163 N.W. 2d 177. See, generally, *Williams* v. *Florida* (1970), 399 U.S. 78; *Wardius* v. *Oregon* (1973), 412 U.S. 470. Since the appellee failed to adhere to these reasonable guidelines, the exclusion of alibi witnesses by the court was entirely proper. Thus, we find

no constitutional deprivation, and accordingly, we agree with appellant's second proposition of law.

Finally, we address appellant's claim that the trial judge did not abuse his discretion by excluding alibi evidence pursuant to Crim. R. 12.1. Our distinction of the decision in *State* v. *Smith* (1977), 50 Ohio St. 2d 51 [4 O.O.3d 118], is dispositive of this issue. In *Smith,* at 52, fn. 2, we declined to deal with the constitutionality of the notice-of-alibi rule. Instead, we held that the trial court abused its discretion by preventing the defendant and his witnesses from proffering alibi evidence. Our holding was based upon the fact that the alibi evidence was not withheld from the prosecution in bad faith, the prosecution was neither surprised nor prejudiced by the offer of proof, and the admission of the evidence was necessary to ensure a fair trial.

We believe that *Smith* is clearly distinguishable from the case at bar. In this case, the prosecution was unaware of the identity of the alibi witnesses, it had no opportunity or motive to question these witnesses or to investigate the facts, and it would have suffered prejudice by the introduction of alibi testimony. Furthermore, there is some indicia of proof that the alibi evidence was withheld from the prosecution in bad faith, as a planned trial tactic. As noted by the court of appeals, the trial judge followed the letter and spirit of Crim. R. 12.1 in excluding the appellee's alibi evidence. The notice-of-alibi rule is not unconstitutional and there was no abuse of discretion on the facts disclosed in the record. See *Williams* v. *Florida, supra,* and *Wardius* v. *Oregon, supra.* We therefore agree with appellant's third proposition of law.

In conclusion, we do not believe that Crim. R. 12.1 should be enforced in every circumstance. As in *Smith* (1977), *supra,* such rule should be construed liberally and not be applied where no prejudice would accrue to the prosecution, where there is a demonstrable and excusable showing of mere negligence, or where there is good cause shown. The trial judge should apply the qualifying portion of the rule upon his determination "that in the interest of justice such evidence should be admitted."

For the foregoing reasons, the judgment of the court of appeals is reversed.

*Judgment reversed.*

SWEENEY, LOCHER, HOLMES and C. BROWN, JJ., concur.

CELEBREZZE, C.J., and DOUGLAS, J., concur in judgment only.