Lonny Bristow appeals his conviction and sentence entered on a jury verdict in the Crawford County Court of Common Pleas. Bristow was found guilty of fourteen counts of telephone harassment and sentenced to an aggregate term of imprisonment of nine years and eleven months.
On January 13 and 14 of 1998, Darlene Windsor received seven phone calls from Lonny Bristow. During those seven calls, some of which lasted over twenty minutes, Bristow never spoke, laughed occasionally and would respond to questions posed by Darlene with either a beep or series of beeps. Bristow apparently caused the beeps by pressing buttons on a touch tone telephone. Darlene testified that prior to January 13, 1998 she advised Bristow to stop calling her. Bristow had been previously convicted of telephone harassment and Darlene was the victim of that previous offense.
Bristow's fourteen offenses were split among two separate subsections of the same statute, seven violations of R.C. §2917.21(A)(1) and seven violations of R.C. § 2917.21(A)(5). Further, Bristow's term of imprisonment was based on a negotiated sentence. During sentencing, Bristow's attorney interrupted the court and advised the judge that Bristow and the State had reached an agreement which would not only resolve the present criminal case but another criminal case, a probation violation, three civil lawsuits and an additional complaint alleging that Bristow was a vexatious litigator.
A negotiated plea, then entered on the record, was stated by Bristow as follows:
 Bristow: Okay. Your Honor, my understanding is total sentence would be 9 years and 11 months, probation violation revocation, which is 4 years, one harassment by inmate, another harassment by inmate, and an aiding and abetting escape, probation violation being 4 years, all totaling 7 1/2. * * * [I]t's also my understanding that the 7 1/2 years would run concurrent to the 9 years 11 months. It's also my understanding that judicial release would be granted in 8 years.
 Judge: If you've been a good boy.
(Trial Rec. pp. 242, 244).
The sentencing judge then inquired of Bristow.
 Judge: * * * So the Court will accept that negotiated plea agreement and inter — and find that this is voluntarily (sic), is it not?
 Bristow: Yes, your Honor, it is.
 Judge: In fact, this whole thing was your suggestion —
 Bristow: Yes.
(Trial Rec. p. 255).
The trial court then entered the sentence recommended by both the prosecutor and Bristow. Bristow now appeals his conviction on fourteen counts of telephone harassment only.
Bristow's first and second assignments of error challenge the propriety of his sentence. Essentially, Bristow contends his punishment violates the double jeopardy provisions of the United States and State of Ohio Constitutions.
However, before we can address Bristow's assignments of error, we must first determine whether this negotiated sentence may be appealed. Appellate review of a negotiated felony sentence is governed by R.C. § 2953.08 which provides in part:
 Grounds for appeal by defendant or prosecutor of sentence for felony * * *
 (A) In addition to any other right to appeal and except as provided in division (D) of this section, a defendant who is convicted of or pleads guilty to a felony may appeal as a matter of right the sentence imposed upon the defendant on one of the following grounds:
 (1) The sentence consisted of or included the maximum prison term allowed for the offense by division (A) of section 2929.14 of the Revised Code and was not imposed pursuant to division (D)(3)(b) of section 2929.14 of the Revised Code, and the court imposed it under one of the following circumstances:
 (a) The sentence was imposed for only one offense.
 (b) The sentence was imposed for two or more offenses arising out of a single incident, and the court imposed the maximum prison term for the offense of the highest degree.
 (2) The sentence consisted of or included a prison term, the offense for which it was imposed is a felony of the fourth or fifth degree or is a felony drug offense that is a violation of a provision of Chapter 2925. of the Revised Code and that is specified as being subject to division (B) of section 2929.13 of the Revised Code for purposes of sentencing, and the court did not specify at sentencing that it found one or more factors specified in divisions (B)(1)(a) to (h) of section 2929.13 of the Revised Code to apply relative to the defendant. If the court specifies that it found one or more of those factors to apply relative to the defendant, the defendant is not entitled under this division to appeal as a matter of right the sentence imposed upon the offender.
 (3) The person was convicted of or pleaded guilty to a sexually violent offense, was adjudicated as being a sexually violent predator, and was sentenced pursuant to division (A)(3) of section 2971.03 of the Revised Code, if the minimum term of the indefinite term imposed pursuant to division (A)(3) of section 2971.03 of the Revised Code is the longest term available for the offense from among the range of terms listed in section 2929.14 of the Revised Code. As used in this division, "sexually violent offense" and "sexually violent predator" have the same meanings as in section 2971.01 of the Revised Code.
 (4) The sentence is contrary to law.
 (5) The sentence consisted of an additional prison term of ten years imposed pursuant to division (D)(3)(b) of section 2929.14 of the Revised Code.
 * * *
 (D) A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge * * *
R.C. § 2953.08 (emphasis added).
Here, the sentencing judge imposed a sentence recommended jointly by Bristow and the prosecutor. Accordingly, if Bristow's prison term is "authorized by law," he has no right to challenge that negotiated sentence. R.C. § 2953.08(D).
What constitutes a sentence "authorized by law" is not defined by the Revised Code. We have held that a jointly recommended sentence is authorized by law and not subject to appellate review if the prison term imposed does not exceed the maximum term prescribed by statute for such offense. State v.Street (Sept. 30, 1998), Hancock App. No. 5-98-9, unreported; see also, State v. Graham (Sept. 30, 1998), Franklin App. No. 97APA 11-1524, unreported; and State v. Griffin (July 24, 1998), Hamilton App. Nos. C-970507 C-970527, unreported.
Here, Bristow agreed to serve consecutive terms of imprisonment of one year each on nine counts of telephone harassment, a term of eleven months on another count of telephone harassment and consecutive terms of one year each on four additional counts of telephone harassment. Because the later four counts were to be served concurrently with the ten other counts, Bristow's aggregate term of incarceration is nine years and eleven months.
A person previously convicted of telephone harassment commits, "on each subsequent offense [of telephone harassment] involving the same person," a fifth degree felony. R.C. §2917.21(C)(2). A fifth degree felony is punishable by terms of imprisonment ranging from six, seven, eight, nine, ten, eleven or twelve months. R.C. § 2929.14(A)(5). Here, Bristow does not dispute he was previously convicted of telephone harassment involving the same victim. Accordingly, all fourteen counts of telephone harassment were properly charged as fifth degree felonies.
Bristow was sentenced to serve no more than twelve months in prison on each fifth degree felony count of telephone harassment. Therefore, because Bristow's negotiated term of incarceration is within the statutory maximum period of time allowed for fifth degree felony offenses, Bristow's sentence is authorized by law. Street, supra. Because there is no right to challenge a negotiated sentence authorized by law, Bristow's first and second assignments of error are overruled. R.C. §2953.08(D).
 II.
Bristow's third assignment of error states:
 Trial counsel failed to raise an objection to sentencing on the basis of R.C. 2941.25, and thus violated Mr. Bristow's right to effective assistance of counsel, as guaranteed by both federal and state constitutions.
To succeed on a claim of ineffective assistance of counsel, "[f]irst, the defendant must show that counsel's performance was deficient." State v. Davis (Mar. 2, 1994), Seneca App. No 13-93-24, *2, unreported, quoting Strickland v. Washington,
(1984), 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674; see also, State v. Smith (1985), 17 Ohio St.3d 98,477 N.E.2d 1128. Here, Bristow contends that trial counsel performed deficiently because they did not "raise an objection to sentencing on the basis of R.C. 2941.25."
The statute Bristow claims his counsel failed to raise precludes multiple convictions of "two or more allied offenses of similar import." The statute provides:
Multiple counts
 (A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
 (B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.
R.C. § 2941.25
At trial, Bristow was represented by two attorneys from the Ohio Public Defender's office. Counsel argued that Bristow, if found guilty of fourteen counts of telephone harassment could only be sentenced to two such counts because his seven phone calls over a period of two days were part of a "continuing course of conduct" and violated, at most, two subsections within the telephone harassment statute. (Trial Rec. p. 11). The trial court noted that Bristow's motion was "premature" and stated it would determine whether "these are allied offenses of similar import committed with a single animus" after the verdict, if necessary. (Trial Rec. pp. 16-17).
Prior to sentencing, the trial court again heard arguments from Bristow's counsel with respect to whether the fourteen offenses were "allied offenses of similar import." (Trial Rec. 229). However, because Bristow suggested that a negotiated sentence be recommended to the trial judge, a ruling concerning these multiple counts was never reached by the trial court.
As noted, Bristow's trial counsel, on two occasions, argued that Bristow could not be sentenced on multiple counts. Simply because counsel did not specifically cite to R.C. § 2941.25
during argument does not mean that the issue was not raised. The court obviously understood counsel's argument to raise the multiple counts statutory provision. (Trial Rec. p. 229). Accordingly, because the record shows that counsel did raise the objections that Bristow claims were not made, the deficient performance alleged by Bristow is not supported by the record. Bristow, therefore, cannot establish the first criteria in an ineffective assistance of counsel claim. Smith,17 Ohio St.3d at 100, 477 N.E.2d 1128.
Finally, the performance of Bristow's counsel cannot be viewed in a vacuum. Bristow's counsel, at Bristow's insistence, negotiated the resolution of this criminal matter, another felony criminal case, a probation violation charge and several civil matters. Accordingly, based on this record, Bristow has failed to overcome the "strong presumption" that his counsel performed effectively. Cook, 65 Ohio St.3d at 524,605 N.E.2d at 81; Smith, 17 Ohio St.3d at 100, 477 N.E.2d 1128; and,Strickland, 466 U.S. 668, 687, 80 L.Ed.2d 674, 104 S.Ct. 2052.
Bristow's third assignment of error is overruled.
Judgment affirmed.
SHAW, P.J., and HADLEY, J., concur.