OPINION AND JUDGMENT ENTRY
This appeal comes to us from the Lucas County Court of Common Pleas. There, appellant was convicted of aggravated burglary following his entry of a no contest plea to that charge. Because we conclude that there was probable cause for appellant to be tried as an adult, we affirm the judgment of the trial court.
On January 14, 1998, four men broke down the front door of a Toledo home, held the residents at gun point and demanded drugs and money. The four fled with a small quantity of marijuana and some cash. The occupants of the home called police and described the assailants' car. A short time later police stopped a vehicle matching the reported description. Inside the car were Darian McGhee, who is the appellant in this case, and three others.
The police transported one of the victims to where the four were apprehended. In spite of the fact that three of the four wore masks when in the house, the victim identified appellant and the others as the men who entered her home. The four were arrested.
Ultimately, the state petitioned the juvenile court to relinquish jurisdiction over appellant, who was seventeen years old at the time of the robbery, so that he could be tried as an adult. Following a hearing, the juvenile court consented to the state's request and relinquished jurisdiction. Appellant was then indicted on one count of aggravated burglary and one count of aggravated robbery, both with firearm specifications. Appellant eventually pled no contest to and was found guilty of aggravated burglary with a firearm specification. He was sentenced to three years incarceration for the burglary and a consecutive three year sentence on the firearm specification.
Appellant now appeals his conviction, setting forth the following two assignments of error:
"First Assignment of Error. . . . . . . . . .
 "The Juvenile Court Committed Prejudicial Error When it Found Probable Cause, and Transferred Jurisdiction of the Defendant-Appellant to the General Division.
"Second Assignment of Error. . . . . . . . . .
 "Insofar as Any Error Complained of was not Adequately Preserved Below, Defendant-appellant was Denied the Effective Assistance of Counsel."
 I.
In his first assignment of error, appellant contests the propriety of the juvenile court's decision to relinquish jurisdiction. R.C. 2151.26 requires a juvenile court to relinquish jurisdiction over a juvenile if he or she is at least sixteen years of age and, following a hearing, the court finds that there is probable cause to believe that the child committed an aggravated burglary or aggravated robbery while using a firearm. R.C. 2151.26(A)(2)(a), (B)(4)(b). Appellant concedes that the allegations set forth in this matter are sufficient to require transfer. However, he asserts that there was insufficient evidence presented at the juvenile court hearing to establish probable cause that he committed these acts.
There is probable cause to believe that an individual committed an offense when the facts and circumstances introduced are sufficient to warrant a belief by a prudent person that an offense was committed by the accused. Beck v. Ohio (1964),379 U.S. 89, 91. At the hearing in this matter, there was eye witness testimony from a victim that appellant was one of the four men who invaded her home. In our view, this is clearly sufficient to establish probable cause. Accordingly, appellant's first assignment of error is not well-taken.
 II.
In his second assignment of error, appellant complains that he was denied effective assistance of counsel, but cites no specific incidences in which trial counsel's performance fell below an objective standard of reasonableness. Appellant asserts only that, "*** any failure of defense counsel to adequately preserve prejudicial error is per se constitutional ineffectiveness ***."
An appellant claiming ineffective assistance of counsel must show that both 1) his counsel was in some measure "deficient" to the extent that he or she was no longer acting as counsel and 2) appellant was prejudiced as the result of such deficient representation to the extent that the result of the process was rendered unreliable. Strickland v. Washington (1984),466 U.S. 668, 687. Accord, State v. Smith (1985), 17 Ohio St.3d 98, 100. The burden of proving ineffectiveness is the defendant's. Id.
Here, appellant fails to direct our attention to any portion of the record which supports his contention of inadequate counsel. See App.R. 16(A)(7). Accordingly, appellant's second assignment of error is not well-taken.
Upon consideration whereof, the judgment of the Lucas County Court of Common Pleas is affirmed. Costs to appellant.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Melvin L. Resnick, J.
 James R. Sherck, J.
 Richard W. Knepper, J.
CONCUR.