OPINION
Defendant Chris Cutshall appeals a judgment of the Court of Common Pleas of Stark County, Ohio, convicting and sentencing him for one count of gross sexual imposition in violation of R.C. 2907.05, a fourth degree felony, after appellant pled guilty. The trial court sentenced appellant to twelve months incarceration. Appellant assigns a single error to the trial court:
 ASSIGNMENT OF ERROR
APPELLANT WAS DENIED EFFECTIVE REPRESENTATION OF COUNSEL IN HIS CASE.
In his statement of facts, appellant asserts defense counsel did not consult with the appellant or appellant's family regarding the case, but rather, met with the prosecutor and the judge at a pre-trial hearing, and then informed appellant and his family appellant could not win this case. Appellant alleges defense counsel then informed him he would go to prison if he went to trial and lost. Appellant states defense counsel advised him he would receive probation as a first offender if he signed a guilty plea form, and appellant did so. Appellant further alleges his counsel did not speak to him before the sentencing hearing, and appellant was never advised of his right to petition the court to withdraw his plea. As the State points out, appellant has not provided us with a transcript of proceedings, and thus, appellant's rendition of the facts is not supported by the record before us. In Strickland v. Washington (1984), 466 U.S. 668, the United States Supreme devised a two-prong test to be used in determining whether a defendant received effective assistance of counsel. The test requires an appellant to show both that counsel's representation falls below an objective standard of essential duty to his client, and also that the substandard performance actually prejudiced the appellant's ability to receive a fair and reliable trial. The Ohio Supreme Court has adopted the Strickland test, see State v. Bradley (1989), 42 Ohio St.3d 136. In the case of a guilty plea, the appellant bears the burden of demonstrating his counsel's performance was deficient, and that there was a reasonable probability that, but for counsel's errors, the appellant would not have pled guilty, but would rather have gone on to trial, Hill v. Lockhart (1985), 474 U.S. 52; State v. Xie (1992), 62 Ohio St.3d 521. The State reminds us a properly licensed Ohio Attorney is presumed competent, see State v. Smith (1985), 17 Ohio St.3d 98, and thus, appellant carries the burden demonstrating ineffective assistance of counsel. As noted supra, because we have no transcript of the plea hearing or sentencing hearing, appellant's arguments are completely outside the record. Further, as the State notes, the limited record before us contradicts appellant's assertions. Appellant's written guilty plea contains a clause indicating he is satisfied with his counsel's representation. The trial court's judgment entry accepting the guilty plea states the court informed appellant of the nature of charges, the nature of the constitutional rights waived by a guilty plea, and the possible penalties the judge could impose. Appellant offers his affidavit which asserts his defense counsel promised him if he pled guilty, the judge would sentence him to probation. It does not appear from the record this affidavit was ever offered to the trial court, but rather, improperly appears for the first time before us. We have reviewed the record on appeal, and we find appellant has not demonstrated his counsel was ineffective. It follows appellant cannot demonstrate he was prejudiced by counsel's actions. The assignment of error is overruled.
For foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed, and the cause is remanded to that court for execution of sentence.
By Gwin, P.J., Hoffman, J., and Farmer, J., concur