DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Bobby Cooksey, appeals the verdict of the Lorain County Court of Common Pleas. We affirm.
 I.
On November 25, 1997, Mr. Cooksey was indicted by the Lorain County Grand Jury. He was indicted on: (1) three counts of selling or offering to sell between ten and one hundred grams of cocaine or selling between five and ten grams of crack cocaine, in violation of R.C. 2925.03(A); (2) one count of selling or offering to sell over one thousand grams of cocaine or over one hundred grams of crack cocaine, in violation of R.C.2925.03(A) with a major drug offender specification pursuant to R.C.2929.01; (3) one count of selling or offering to sell between one hundred and five hundred grams of cocaine or between ten and twenty-five grams of crack cocaine, in violation of R.C. 2925.03(A); and four counts of possessing drug paraphernalia, in violation of R.C. 2925.14(C)(1).
The matter came for jury trial on September 1, 1999. After opening arguments, Mr. Cooksey entered a plea of no contest. On September 2, 1999, Mr. Cooksey's plea was journalized. On the same day, he withdrew his no contest plea and entered a plea of guilty. He was sentenced accordingly. This appeal followed.
On February 6, 2000, Mr. Cooksey's appeal was dismissed due to his counsel's failure to file an appellate brief. Upon Mr. Cooksey's App.R. 26(B) motion to reopen, his appeal was reopened on June 2, 2000. It is on this procedural posture that this appeal presents itself.
Appellant asserts one assignment of error:
 APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL GUARANTEED BY THE SIXTH AMENDMENT OF THE U.S. CONSTITUTION AND COMPARABLE PROVISIONS OF THE OHIO CONSTITUTION.
Appellant avers that his trial counsel was ineffective because he admitted that appellant would probably be found guilty of several of the lesser charges in his opening statement. We disagree.
A two-step process is employed in determining whether the right to effective counsel has been violated.
 First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.
Strickland v. Washington (1984), 466 U.S. 668, 687, 80 L.Ed.2d 674, 693. In demonstrating prejudice, the defendant must prove that "there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." State v. Bradley (1989),42 Ohio St.3d 136, paragraph three of the syllabus. In addition, the court must evaluate "the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Strickland, 466 U.S. at 690, 80 L.Ed.2d at 695. The defendant has the burden of proof, and must overcome the strong presumption that counsel's performance was adequate and that counsel's action might be sound trial strategy. State v. Smith (1985), 17 Ohio St.3d 98, 100. Furthermore, an attorney properly licensed in Ohio is presumed competent. State v. Lott (1990), 51 Ohio St.3d 160, 174.
In the instant action, appellant pleaded guilty to the crime charged after his counsel's alleged deficient conduct. He avers that his counsel was deficient in admitting his guilt to several of the crimes charged in opening arguments. Crim.R. 11(B)(1) provides that "[t]he plea of guilty is a complete admission of the defendant's guilt." "Moreover, [appellant] does not allege that his guilty plea, entered while he was represented by counsel, was not voluntary. `A defendant who enters a voluntary plea of guilty while represented by competent counsel waives all nonjurisdictional defects in prior stages of the proceedings.'" (Citation omitted.) Ross v. Court (1972), 30 Ohio St.2d 323, 323-24. Herein, appellant instructed his attorney to pursue this course of action. In fact, the court asked Mr. Cooksey whether this was his strategy:
 THE COURT: So I just want to make sure — even if you were found not guilty of Count Number Four, the major drug offender, if your defense is to admit to the other four counts, those alone carry up to 23 years in prison. Do you understand?
[Mr. Cooksey]: Yes.
It is the client's decision whether to admit guilt. Jones v. Barnes
(1983), 463 U.S. 745, 751, 77 L.Ed.2d 987, 993. Further, admitting guilt to a lesser offense may have been an attempt to persuade the jury as to his honesty in asserting his innocence of the greater offense. This represented a trial strategy that Mr. Cooksey instructed his attorney to pursue. Further, we cannot say that such a strategy was not sound. Moreover, his attorney informed him that this "is a dangerous position[.]" We cannot find Mr. Cooksey's attorney to have been so deficient that he was no longer the counsel envisioned in the Constitution. Accordingly, Mr. Cooksey's assignment of error is overruled.
Mr. Cooksey's assignment of error is overruled. This court's February 6, 2000 dismissal of Mr. Cooksey's appeal is vacated. The judgment of the Lorain County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ___________________________ WILLIAM G. BATCHELDER
BAIRD, J. WHITMORE, J. CONCUR