OPINION
Defendant-appellant Ronald Reed appeals the decision of the Jefferson County Common Pleas Court which found him to be a sexual predator. For the following reasons, the judgment of the trial court is affirmed.
 STATEMENT OF FACTS
In July 1985, appellant was indicted on two counts of rape against children under the age of thirteen. Both counts contained force/threat of force specifications which increased the possible sentence to life in prison. Count I pertained to his engaging in sexual conduct with his eleven year old step-daughter/cousin. This sexual conduct had been occurring for approximately two years prior to the indictment. Count II dealt with allegations that he engaged in sexual conduct with his eight year old step-daughter. Appellant pled guilty to Count I of the indictment. In exchange, the state deleted the force specification and dismissed Count II. Thereafter, appellant was sentenced to ten to twenty-five years in prison.
On April 26, 2000, appellant was brought before the trial court for a sexual predator hearing. The state, represented by an assistant prosecutor, called the county prosecutor and the arresting officer to the stand. Appellant testified on his own behalf. On May 2, 2000, the court found by clear and convincing evidence that appellant is a sexual predator. Timely notice of appeal followed. On appeal, appellant does not argue that the sexual predator finding was incorrect. Rather, he seeks a rehearing.
 ASSIGNMENT OF ERROR NUMBER ONE
Appellant sets forth two assignments of error. The first assignment of error is entitled "Ineffective Assistance of Counsel" and is divided into two subassignments, the first of which provides:
 "THE ATTORNEY FOR THE APPELLANT IN THE SEXUAL PREDATOR HEARING SHOULD HAVE ENTERED AN OBJECTION TO THE JEFFERSON COUNTY PROSECUTING ATTORNEY TAKING THE WITNESS STAND AND TESTIFYING AS TO FACTUAL KNOWLEDGE IN THIS HEARING."
In order to establish ineffective assistance of counsel, a defendant must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. Strickland v. Washington (1984),466 U.S. 668, 687; State v. Smith (1985), 17 Ohio St.3d 98, 100. Scrutiny of counsel's performance is typically deferential as the defendant has the burden to show ineffectiveness. Id.
First, appellant contends that when the county prosecutor took the stand, he violated DR 5-102(B) which states that if counsel believes he ought to be called as a witness on behalf of his client he must withdraw. Appellant complains that his counsel should have insisted that a special prosecutor be appointed rather than allow the assistant prosecutor to present the testimony of the county prosecutor. Appellant cites State v. Coleman (1989), 45 Ohio St.3d 298, 301-302 for the proposition that a prosecuting attorney should avoid being a witness in a criminal prosecution unless he is not involved in the active trial of the cause and it is the only testimony available.
First of all, the county prosecutor who testified was not involved in the hearing except as a witness. Second, he was the individual who interviewed the children in 1985 and, thus, it appears that his is the only testimony available on the contents of these interviews. Regardless, a sexual predator hearing is not a criminal prosecution.State v. Cook (1998), 83 Ohio St.3d 404, 423 (stating that a sexual predator hearing is civil in nature). Thus, Coleman is not applicable.
Moreover, even if the testifying county prosecutor was actively involved in the sexual predator hearing, he is specifically permitted to testify under R.C. 2950.09(B)(1), (C)(1) and (2)(a) and (b). "At the hearing, the offender and the prosecutor shall have an opportunity totestify, present evidence, call and examine witnesses and expert witnesses * * *." R.C. 2950.09(B)(1) (emphasis added). Accordingly, the prosecutor was permitted to testify, and defense counsel did not render ineffective assistance of counsel by failing to object to this testimony.
The second subassignment of error under appellant's first assignment of error alleges:
 "THE ATTORNEY REPRESENTING THE APPELLANT AT THE SEXUAL PREDATOR HEARING WAS INEFFECTIVE FOR THE REASON THAT HE DID NOT CROSS EXAMINE EITHER WITNESS PRESENTED BY THE STATE OF OHIO."
Appellant complains that defense counsel failed to cross-examine the state's two witnesses, the county prosecutor and a detective. Appellant believes that the reason behind this failure was that defense counsel was running for county prosecutor and that an attorney who is running for prosecutor has interests that conflict with a criminal defendant. Appellant then claims that by failing to withdraw, defense counsel violated DR 9-101, the title of which states that a lawyer should avoid the appearance of impropriety. If we were to accept appellant's reasoning, then a defense attorney who runs for prosecutor could not practice for an entire year. We shall not presume that an attorney who is running for prosecutor will not fully and fairly represent his client's interests. Moreover, "[t]he strategic decision not to cross-examine witnesses is firmly committed to trial counsel's judgment * * *." Statev. Otte (1996), 74 Ohio St.3d 555, 565. Further, appellant does not propose how he was prejudiced by the failure to cross-examine the county prosecutor or the detective. Hence, this argument is without merit. SeeId.
Under this subassignment, appellant also claims that defense counsel was ineffective for failing to object in two instances. We note that appellate counsel seems to have disregarded App.R. 16 (A)(7) by raising arguments here that are unrelated to the text of the subassignment. Nonetheless, we shall briefly address these claims.
First, appellant complains that his attorney did not object when the state questioned him on old and unrelated misdemeanor cases. However, the statute specifies that one of the factors which the court shall consider in making a sexual predator determination is the "offender's priorcriminal record regarding all offenses, including, but not limited to, all sexual offenses." R.C. 2950.09(B)(2)(b) (emphasis added). Hence, defense counsel's refusal to object did not constitute deficient performance.
Next, appellant states that defense counsel should have objected to the portion of the detective's testimony which mentioned that appellant had a prior homosexual relationship. Appellant argues that he was prejudiced because sexual orientation is not a factor. The contested excerpt of testimony arose when the detective was relating how appellant admitted that his eleven year old step-daughter performed oral sex on him. The detective testified that appellant told him that his step-daughter reminded him of his homosexual lover who had killed himself. (Tr. 13). This testimony had nothing to do with sexual orientation. We do not presume that courts discriminate against homosexuals and thus, the testimony was no different than if appellant had stated that his step-daughter reminded him of his former female lover. The testimony was merely explanatory background information which possibly showed a motivation for appellant's criminal actions. As such, appellant's counsel was not ineffective for failing to object to this one sentence of testimony.
Finally and also unrelated to the test of the assignment of error or subassignments, appellant then takes issue with the court's statement, "Defendant admits that he was wrong but blames the prosecutor and the trial judge for his continued incarceration." There is no error in this statement. Appellant repeatedly admitted that his conduct was wrong. Also, he repeatedly blamed the court and the prosecutor for keeping him in prison for so long. For the foregoing reasons, this assignment of error is overruled.
 ASSIGNMENT OF ERROR NUMBER TWO
Appellant's second assignment of error provides:
 "THE ASSISTANT PROSECUTOR COMMITTED ERROR BY INSINUATING THAT THE APPELLANT WAS GUILTY OF COMMITTING SEXUAL ACTS ON MORE THAN ONE VICTIM."
In 1986, appellant pled guilty to the rape of his eleven year old step-daughter. The court later permitted appellant to withdraw this guilty plea. Subsequently, in 1989, appellant reentered his plea of guilty to the rape of this step-daughter. Appellant now complains that when the prosecutor mentioned that appellant pled guilty in 1986 and in 1989 to rape, he was trying to make it appear as if appellant pled guilty to two different incidents of rape against two different victims.
However, it appears that if any confusion exists, it is initially attributable to appellant when he testified on direct that he has been incarcerated since his first and second conviction. (Tr. 14). Appellant's attorney attempted to have appellant explain that he pled guilty in 1989 "for the same offense." Yet, appellant began complaining that he should have been labeled at the time of sentencing and not now. (Tr. 18). Appellant had the opportunity to clarify any confusion created when the prosecutor questioned him on the two pleas. Instead, he took this opportunity to go off on a tangent by speaking sarcastically about the county prosecutor. (Tr. 24). Furthermore, the case file clearly demonstrates that appellant was only convicted of rape one time in 1989. The court's first finding of fact in the judgment entry makes it apparent that the court was aware that appellant was only convicted once. Hence, this argument fails.
Appellant also complains that the prosecutor's closing argument misled the court into believing that there were two victims. The judgment entry also states that there were two victims. As aforementioned, appellant was only convicted of the rape of his eleven year old step-daughter/cousin. In exchange for his guilty plea to this offense, the state dismissed the charge in the indictment that appellant raped his eight year old step-daughter. Appellant completely admits that he engaged in sexual conduct with the eleven year old over a course of years. When asked if he also molested the eight year old, appellant first responded, "I don't think so" and when pressed stated, "I did not do that." (Tr. 27).
To the contrary, the prosecutor testified to the following with regards to his interview with the eight year old:
 "One time she related that this defendant attempted to have sexual activity with both the young children at the same time. She related that she observed these acts being performed on Cindy and also that this defendant required her to perform oral sexual (sic)
upon him and that she was required — and he performed oral sexual (sic) upon her and she related this also." (Tr. 10).
The transcribed notes of this interview were admitted into evidence. The case file contains a statement of appellant's questioning from 1985 wherein appellant responded to questioning about the molestation of the eight year old by claiming that she threw herself on him.
One of the factors that a court must consider under R.C. 2950.09(B)(2)(d) is whether the sexually oriented offense for which sentence was imposed involved multiple victims. The offense for which appellant was sentenced did not involve multiple victims. However, the court must consider all relevant factors, not limited to the ones listed in the statute. Thus, a court may consider the existence of victims of sexual assaults for which convictions do not exist.
Support for this statement is evident in the Cook case. Cook was indicted on two counts of gross sexual imposition, one for each victim. In exchange for Cook's guilty plea to one count, the state dismissed the other count. When considering whether Cook was a sexual predator, the trial court considered the information contained in the presentence investigation report which related the details of the two offenses against the two victims. The Third District Court of Appeals reversed the sexual predator finding on the grounds that the presentence investigation report was hearsay. State v. Cook (Aug. 7, 1997), Allen App. No. 1-97-27, unreported, 1. However, the Supreme Court of Ohio reversed and thus reinstated the sexual predator finding on the grounds that reliable hearsay, such as that contained in Cook's presentence investigation report, is admissible in a sexual predator hearing. State v. Cook
(1998), 83 Ohio St.3d 404, 425. Moreover, various appellate courts have stated that evidence of uncharged sexual assaults is admissible at a sexual predator hearing. State v. Burgess (July 10, 2000), Fayette App. No. CA99-08-21, unreported, 2 (holding that at a sexual predator hearing arising out of an assault against one child, the court could consider the fact that the police had previously received a complaint that the defendant placed his hands between the legs of another child); State v.Pryce (June 28, 2000), Summit App. No. 19888, unreported, 3 (holding that the trial court properly considered "allegations" that the defendant sexually abused his nephews); State v. McGowin (Feb. 16, 1999), Warren App. No. CA98-08-92, unreported, 1 (stating that the court could consider evidence that the defendant molested his son even though he was never charged with this crime); State v. Bedinghaus (July 31, 1998), Hamilton App. No. C-970833, unreported (stating that the court was free to weigh evidence that the defendant admitted to police that he molested his daughter even though he was never charged for this offense). Thus, the court did not err in considering the evidence that appellant may have victimized his eight year old step-daughter as well as his eleven year old step-daughter.
Notwithstanding, the court was presented with other sufficient evidence to label appellant a sexual predator. A sexual predator is a person who has been convicted of a sexually oriented offense and is likely to engage in a sexually oriented offense in the future. R.C. 2950.01(E). Some of the factors which the court must consider in making a sexual predator determination are: the age of the offender and the victim; the offender's entire criminal record; the number of victims in the offense for which sentenced is being imposed; the nature of the sexual offense and whether the offense was part of a demonstrated pattern of abuse; the use of a substance to impair the victim; whether the offender completed any prior sentence and whether the offender participated in a sexual offender program if imprisoned for a sex offense; any mental condition of the offender; and any other behavioral characteristic of the offender. R.C.2950.09(B)(2)(a)-(j).
We shall now apply these factors to appellant. Appellant was thirty-six years old at the time of his indictment for rape and was fifty-one years old at the time of the sexual predator hearing. Appellant admits that he engaged in sexual conduct with the victim. The victim was eleven years old at the time of this indictment. However, the abuse began two or three years prior to the date of the indictment, meaning that the victim was eight or nine years old when he began his assaults upon her. The assaults occurred almost on a daily basis. (Tr. 9). Appellant used his position as the girl's step-father to commit the rape. He slept in the same bed with the girl night after night. A pattern of sexual abuse was established.
The nature of the offenses are revolting. Appellant would take off his clothes, ejaculate between the girl's legs, fondle her vaginal area, attempt to place his fingers in her anal area, perform oral sex on her, require her to perform oral sex on him, and take pictures, which were confiscated by the state, of her performing oral sex on him. The victim told the prosecutor that appellant threatened to kill her, her sister and her mother if she told anyone about the incidents. (Tr. 8). Appellant admitted to the police that he threatened to kill the girl's natural father if she told anyone about the incidents. Appellant has a criminal history. He volunteered information at the hearing that he currently needs to go to an anger program. (Tr. 17).
In relating to the court how he has changed since his 1985 indictment, appellant testified, for instance, that he has learned how to read and write. (Tr. 18). However, his credibility is weak since the court file contains copies of many love letters that appellant wrote to the victim in 1984. Moreover, appellant opined at the hearing that he should not have been convicted of rape because his victim was his step-daughter and his cousin and that incest should not be considered rape but only sexual battery. He claimed to be on drugs and alcohol at the time of the offense. He stated he was lonely and confused and that his urges were uncontrollable. (Tr. 20).
Although appellant states that he would fight against his urges now, attends a sexual predator program in prison, and committed the relevant offense fifteen years ago, the factors weigh heavily against him. Hence, although appellant has not asked this court to address the factors, we find that the court did not err in finding clear and convincing evidence to establish that appellant is likely to commit future sexual offenses.
Finally, appellant again complains that the state questioned him on unrelated offenses. This argument was addressed supra where we pointed out that the sexual predator statute specifically instructs the court to consider the offender's entire prior criminal record. Thus, this assignment of error is overruled.
For the foregoing reasons, appellant's request for a rehearing on his sexual predator classification is denied and the judgment of the trial court is hereby affirmed.
 _______________ VUKOVICH, P.J.
Donofrio, J., concurs.
DeGenaro, J., concurs.
REGARDING A LETTER TO THIS COURT AND A RECENT FILING:
On October 3, 2000, appellant filed a document which he asks this court to consider in reviewing the appeal in 00JE22, his sexual predator case. This document alleges abuse of power, prejudice and misconduct on the part of two trial court judges, the prosecutor, an assistant prosecutor, his prior defense counsel, an agent of the Ohio Department of Rehabilitation and Correction and the Ohio Adult Parole Authority. He complains that he was told when he pled guilty that he would not receive actual incarceration and would be released in less than nine years. Appellant has previously filed motions in the trial court regarding this complaint. The last of these motions appears to have been disposed of on June 8, 2000 when the trial court issued findings of fact and conclusions of law to support its order overruling appellant's motion. This trial court decision was not appealed to this court. Hence, any arguments regarding it are inappropriate in connection with the appeal of appellant's sexual predator classification.