This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Michael Posey ("Posey"), appeals the decision of the Cuyahoga Falls Municipal Court convicting him of driving under the influence ("DUI"), in violation of R.C. 4511.19(A)(1). We affirm.
 I.
On February 24, 2001, Officer Troy Wilcox of the Hudson Police Department observed Posey drive his vehicle across the white line at the edge of Route 91 in Hudson for a distance of approximately 20 feet. The officer followed Posey and observed him make a wide right hand turn onto Norton Road, crossing the center line and traveling into an oncoming left turn lane. Officer Wilcox then pulled Posey over.
When Officer Wilcox approached Posey's vehicle, he observed Posey searching through his wallet for his driver's license. Although the officer noticed Posey's license on one side of his wallet, Posey flipped through the other side of the wallet, pulling out other items and dropping them on his lap and on the floor of the vehicle. Officer Wilcox smelled the odor of alcohol and asked Posey to step out of his car.
Officer Wilcox asked Posey if he had any medical conditions the officer needed to be aware of, to which Posey responded that one of his legs was an inch and one-half shorter than the other. Officer Wilcox proceeded to administer field sobriety tests. Based upon his observations, Officer Wilcox concluded that Posey was under the influence of alcohol and placed him under arrest for DUI. Posey was placed in the back of Wilcox's police cruiser and was transported to the police station. Officer Wilcox testified that although the police station was approximately a five to eight minute drive from their location, he had to wake Posey up upon arrival. At the police station, Officer Wilcox attempted to administer two Breathalyzer tests, with both attempts reading "invalid sample."
Posey was subsequently charged with DUI and entered a plea of not guilty. The matter proceeded to jury trial on April 17 and 18, 2001. The jury returned a guilty verdict, and the trial court sentenced him accordingly.
Posey timely appealed, raising two assignments of error. We address them in reverse order for ease of discussion.
 II. Assignment of Error Two THE TRIAL COURT ERRED TO THE SUBSTANTIAL PREJUDICE OF APPELLANT WHEN IT ALLOWED THE JURY TO HEAR INADMISSIBLE EVIDENCE.
In his second assignment of error, Posey argues that he was prejudiced when the trial court erred in admitting evidence that Posey had prior convictions and charges of DUI. We disagree.
Rulings on the admissibility of evidence are within the sound discretion of the trial court. State v. Hymore (1967), 9 Ohio St.2d 122,128. An appellate court will not disturb such rulings absent an abuse of discretion. Id. An abuse of discretion signifies more than merely an error in judgment; instead, it involves "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio State Med. Bd. (1993), 66 Ohio St.3d 619, 621. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Id.
Evid.R. 404 governs the admissibility of character evidence:
 (A) Character evidence generally. Evidence of a person's character or a trait of his character is not admissible for the purpose of proving that he acted in conformity therewith on a particular occasion, subject to the following exceptions:
 (1) Character of accused. Evidence of a pertinent trait of his character offered by an accused, or by the prosecution to rebut the same is admissible[.] (Emphasis added.)
Evid.R. 405 further describes the methods a party may use to prove character:
 (A) Reputation or opinion. In all cases in which evidence of character or a trait of character of a person is admissible, proof may be made by testimony as to reputation or by testimony in the form of an opinion. On cross-examination, inquiry is allowable into relevant specific instances of conduct. (Emphasis added.)
In this case, the defense called Diane DiMatteo ("DiMatteo"), Posey's girlfriend, to testify on his behalf. When asked to describe Posey's demeanor when he returned home from the police station on the evening in question, DiMatteo stated that his motor skills were not impaired and responded, "The man doesn't drink, not a doubt in my mind." On cross-examination, the prosecution asked DiMatteo how many prior DUI's Posey had. Defense counsel objected, and the trial court did not rule on the objection. The prosecution then asked her how many times Posey had been arrested for DUI, and she responded "Twice." The prosecution then asked her if she lived with Posey when he was charged and convicted for DUI in 1998, 1994, and 1984 and when he was charged and arrested for DUI in 1996. She answered each time "I did."
In this case, the prosecution merely sought to use the evidence of bad character to rebut the evidence of good character that had been offered by DiMatteo. This is clearly authorized by Evid.R. 404(A)(1). Furthermore, inquiring into specific instances of bad conduct is proper and authorized by Evid.R. 405(A). Therefore, the evidence was proper and the trial court did not abuse its discretion in allowing the evidence.
Accordingly, Posey's second assignment of error is overruled.
 Assignment of Error One APPELLANT WAS DENIED DUE PROCESS OF LAW GUARANTEED UNDER THE [SIXTH] AMENDMENT OF THE UNITED STATES CONSTITUTION AND ARTICLE 10 OF THE OHIO CONSTITUTION DUE TO INEFFECTIVE ASSISTANCE OF COUNSEL.
In this assignment of error, Posey argues that he was denied effective assistance of counsel, as guaranteed by both the United States Constitution and the Ohio Constitution, because his attorney failed to file a motion to suppress the results of the field sobriety tests and failed to object to the admission of improper character evidence. We disagree.
The Sixth Amendment guarantees the right to effective assistance of counsel to each defendant. Courts use a two step process in determining whether a defendant's right to effective assistance of counsel has been violated.
 First the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.
Strickland v. Washington (1984), 466 U.S. 668, 687, 80 L.Ed.2d 674, 693. In order to demonstrate prejudice, "the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." State v. Bradley
(1989), 42 Ohio St.3d 136, paragraph three of the syllabus. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." Strickland, 466 U.S. at 691, 80 L.Ed.2d at 695.
The court must analyze the "reasonableness of counsel's challenged conduct on the facts of the particular case, viewed at the time of counsel's conduct." Strickland, 466 U.S. at 690, 80 L.Ed.2d at 695. First, the defendant must identify the acts or omissions of his attorney that he claims were not the result of reasonable professional judgment. Then, the court must decide whether counsel's conduct fell outside the range of that which is considered professionally competent. Strickland,466 U.S. at 690, 80 L.Ed.2d at 695. There is a strong presumption that counsel's performance was adequate. State v. Smith (1985),17 Ohio St.3d 98, 100.
An appellate court may analyze the prejudice prong of the Strickland test alone if such analysis will dispose of a claim of ineffective assistance of counsel on the ground that the defendant did not suffer sufficient prejudice. State v. Loza (1994), 71 Ohio St.3d 61, 83. Accordingly, we will begin our analysis with a discussion of the prejudice prong of Strickland.
Posey first argues that his trial counsel was deficient in failing to file a motion to suppress the results of the field sobriety tests. Posey asserts that two of the four tests were not administered in accordance with standardized testing procedures set forth by the National Highway Traffic and Safety Administration ("NHTSA"), and another test is not recognized by the NHTSA. As such, Posey argues that the results should have been suppressed in accordance with State v. Homan (2000),89 Ohio St.3d 421.
Homan requires that, in order to serve as evidence of probable cause to arrest, field sobriety tests must be administered in strict compliance with standardized test procedures. Id. at paragraph one of the syllabus. We note that there is nothing in the record indicating that Officer Wilcox did not strictly comply with NHTSA procedures. However, whether probable cause to arrest Posey existed is irrelevant because no evidence was discovered after his arrest that would be subject to exclusion. The field sobriety tests and the officer's observations all occurred prior to the officer placing Posey under arrest. Furthermore, the Breathalyzer tests resulted in invalid samples, so no result of a blood alcohol content analysis was admitted into evidence. Therefore, even if the trial court determined that Officer Wilcox lacked probable cause for Posey's arrest, there was no evidence for the court to suppress. Thus, Posey suffered no prejudice by an alleged failure by his attorney to file a motion to suppress the results of the field sobriety tests.
Posey also argues that his trial counsel was deficient in failing to file a motion in limine or by failing to object at trial to the introduction of evidence that Posey had prior DUI convictions. We note that a motion in limine is a preliminary ruling, and, in order to preserve an error for appeal, the motion must be renewed at the appropriate time during trial. See State v. Maurer (1984),15 Ohio St.3d 239, 259. Therefore, counsel's failure to file a motion in limine, by itself, did not result in prejudice to the defendant.
The record reflects that counsel did, in fact, object when the prosecution cross-examined DiMatteo concerning Posey's prior DUI convictions. However, the trial court did not rule on that objection and allowed the testimony. We have already discussed in our disposition of Assignment of Error Two that this evidence was properly admitted by the trial court. Therefore, Posey cannot prevail on a claim of ineffective assistance of counsel for this alleged failure because he can show no prejudice.
Accordingly, Posey's first assignment of error is overruled.
 III.
Having overruled both of Posey's assignments of error, we affirm the judgment of the trial court.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Cuyahoga Falls Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
BATCHELDER, P.J., SLABY, J. CONCUR.