JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant Scott Stage ("appellant") appeals from his convictions for felonious assault and intimidation. For the reasons stated below, we affirm.
 {¶ 2} In the early morning hours of August 24, 2003, appellant and co-defendant Nicholas Lewis ("Lewis") entered the victim's residence and beat him.[1] The men were angry because they had to cover the costs of a bad check passed by the victim at an area bar. During and after the attack, the victim and his family were threatened with death. Due to the beating, the victim suffered various injuries, including multiple fractures to his leg.
 {¶ 3} On April 29, 2003, appellant was indicted on one count of felonious assault, in violation of R.C. 2903.11, and one count of intimidation, in violation of R.C. 2921.03. On March 1, 2004, the trial began and the jury found appellant guilty on both counts.
 {¶ 4} On March 19, 2004, appellant filed a "motion for judgment of acquittal or in the alternative, motion for new trial" pursuant to Crim.R. 29 and 33. On April 16, 2004, the trial court denied appellant's motions and sentenced appellant to concurrent terms of three years on both counts.
 {¶ 5} It is from his conviction that appellant advances one assignment of error for our review.
 1. I. {¶ 6} In his sole assignment of error, appellant argues that he "was denied his right to effective assistance of counsel, guaranteed by thesixth and fourteenth amendments of the United States Constitution and Article I, Section 16 of the Ohio Constitution." We affirm.
 {¶ 7} In order to establish ineffective assistance of counsel, appellant must show that 1) the attorney's performance was seriously deficient, and 2) such deficiencies must have prejudiced the defense to such an extent that the results of the trial are unreliable. Stricklandv. Washington (1984), 466 U.S. 668. Appellant must demonstrate a reasonable probability that, but for counsel's unprofessional errors, the outcome of the trial would have been different. State v. Bradley (1989),42 Ohio St.3d 136.
 {¶ 8} In Ohio, when reviewing a claim of ineffective assistance of counsel, it must be presumed that a properly licensed attorney executes his legal duty in an ethical and competent manner. State v. Smith
(1985), 17 Ohio St.3d 98. "Even assuming that counsel's performance was ineffective, this is not sufficient to warrant reversal of a conviction. `An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment. Cf. United States v. Morrison, 449 U.S. 361,364-365, 66 L.Ed.2d 564, 101 S.Ct. 665 (1981).'" Strickland, supra, at 691.
 {¶ 9} In the case sub judice, appellant has failed to establish that the outcome of his trial would have been different.
 {¶ 10} Appellant argues, in part, that his trial counsel was inadequate because counsel failed to address inconsistencies during the victim's testimony. Also, appellant contends that counsel's attempt to label the victim as a known drug user is an outdated and ineffective defense tactic. Further, appellant finds error because counsel did not address the limited damage caused to the victim's property and the inconsistent description of the attackers given by the victim. Even assuming trial counsel performed the cross-examination wished for by appellant on appeal, appellant has failed to show that the outcome of his trial would have been different.
 {¶ 11} At trial, the victim identified appellant in the courtroom and testified that during the attack appellant punched and kicked him, as well as smashed an ashtray across his head. After the beating, he knelt down to the victim and stated, "I'll f***in' kill you" and began to choke the victim.
 {¶ 12} Despite this damaging testimony, trial counsel attempted to impeach the victim, primarily by addressing flaws in the victim's character.[2] Also, counsel raised inconsistencies in the victim's version of the facts, so much so that the victim admitted his story was "inconsistent" and "inaccurate." Appellant cannot assign ineffective assistance of counsel simply because the jury chose to believe the victim's version of the facts.
 {¶ 13} Further, trial counsel's failure to focus on the limited damage to the home does not amount to ineffective assistance of counsel because the assault was such that damage would not necessarily occur. The victim was assaulted by two men in the middle of the night while he was in bed. The victim testified, "I tried raising myself up off the bed and put my feet on the floor and [appellant] kept kicking at me as I was getting up, kicking me in the side. * * * As I was getting up, you know, striking me. And I tried to grab [appellant's] leg a couple times. * * * I was just trying to prevent [appellant] from beating on me." The parties were not wrestling and the details of the fight do not include the exchange of punches or an individual being thrown about. It was simply a beating. The jury certainly could have found that the beating took place despite the lack of physical disruption to the residence.
 {¶ 14} Having reviewed the record, we find appellant's arguments fail to establish that he was prejudiced by the performance of trial counsel. Appellant's assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Gallagher, P.J., and Sweeney, J.*, concur.
*Sitting by assignment: Judge James D. Sweeney, Retired, of the Eighth District Court of Appeals.
[1] Lewis owned the home where the victim was renting a room.
[2] Specifically, counsel referenced the victim's use of alcohol and drugs.