This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Terrance Henderson, appeals the decision of the Lorain County Court of Common Pleas, which convicted him and sentenced him to six years incarceration. This Court affirms in part and reverses in part.
 I.
{¶ 2} Around 4:15pm on September 27, 2001, Lorain police officers responded to an aggravated menacing complaint involving a man with a gun threatening another man at his residence in Lorain. Witnesses to the incident told police that appellant and another man fled the scene in a green Chevy Cavalier, heading eastbound on West 21st Street. This information was relayed over the police radio and several officers responded to the area with lights and sirens from their police vehicles. Several officers located the vehicle, pulled around it with their police vehicles, and blocked it from moving.
{¶ 3} Appellant was riding in the front passenger seat of the vehicle the police stopped. After the vehicle stopped, appellant opened the passenger side door, reached out his arm holding a gun, placed the gun on the road to the side of the vehicle, and returned his arm into the vehicle and closed the passenger side door. The police ordered the driver and passenger to put their hands up; the driver cooperated but appellant did not put his hands up for the officers. The officers approached the vehicle and repeatedly ordered appellant to put his hands up.
{¶ 4} As the officers approached the vehicle, they saw appellant cupping a shiny object in his hands. After numerous orders by the officers, appellant dropped the shiny object, which was a socket, and put his hands up while it fell between his legs. The officers pulled appellant out of the vehicle and arrested him. A socket was found on the front passenger seat and a glass pipe was found in the passenger side door pocket. Both objects were found to have cocaine residue in them. The gun was found to be loaded on the road next to the rear side of the vehicle.
{¶ 5} The gun was unloaded and taken, along with the cocaine pipes, to the Lorain Police Department. Appellant was also taken to the police station and charged with the following: carrying concealed weapons, having weapons while under disability, aggravated menacing, improper handling of a firearm in a motor vehicle, tampering with evidence, possession of cocaine, and possession of drug paraphernalia.
{¶ 6} On February 13, 2002, appellant was indicted on all the above charges. He entered a plea of not guilty and the case proceeded to a jury trial on March 13, 2002. The trial court dismissed the charge of aggravated menacing because the victim refused to testify. The jury returned a guilty verdict against appellant as to the remaining charges. Appellant was sentenced to eighteen months for carrying concealed weapons, twelve months for having weapons while under disability, six months for improper handling of a firearm in a motor vehicle, five years for tampering with evidence, twelve months for possession of cocaine, and six months for possession of drug paraphernalia, and sent to Lorain Correctional Institution. The first four sentences were ordered to run concurrent to each other and consecutive to the last two sentences. Appellant was sentenced to a total of six years and also fined $250.00 for the possession of drug paraphernalia charge.
{¶ 7} Appellant timely appealed and sets forth seven assignments of error for review.
{¶ 8} This Court will address appellant's assignments of error out of order for ease of discussion.
 II.
{¶ 9} As a preliminary matter, this Court will set forth our standards of review with regard to appellant's first six assignments of error. In his first, third, and fifth assignments of error, appellant argues that his Crim.R. 29(A) motion should have been granted as to all his charges. In his second, fourth, and sixth assignments of error, appellant argues that his convictions were against the manifest weight of the evidence.
{¶ 10} This Court has held that the standard of review for a motion for acquittal under Crim.R. 29(A) and the standard of review for a challenge to the sufficiency of the evidence is the same standard. Statev. Bezak (Feb. 18, 1998), 9th Dist. No. 18533. "The standard of review for sufficiency of the evidence is whether any rational trier of fact, viewing the evidence presented in the light most favorable to the prosecution, could find proof of the essential elements of a crime beyond a reasonable doubt." State v. Biehl (Apr. 14, 1999), 9th Dist. No. 19054, citing State v. Roberts (Sept. 17, 1997), 9th Dist. No. 96CA006462. "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt." State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus.
{¶ 11} "While the test for sufficiency requires a determination of whether the state has met its burden of production at trial, a manifest weight challenge questions whether the state has met its burden of persuasion." State v. Gulley (Mar. 15, 2000), 9th Dist. No. 19600, citingThompkins, 78 Ohio St.3d at 390 (Cook, J., concurring).
{¶ 12} In reviewing whether a conviction is against the manifest weight of the evidence, this Court must:
{¶ 13} "[R]eview the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.
{¶ 14} "A weight of the evidence challenge indicates that a greater amount of credible evidence supports one side of the issue more than it supports the other. Further, when reversing a conviction on the basis that the conviction was against the manifest weight of the evidence, the appellate court sits as the `thirteenth juror' and disagrees with the factfinder's resolution of the conflicting testimony.
{¶ 15} "As sufficient evidence is required to reach a jury, a finding that a conviction is supported by the weight of the evidence thus includes a finding of sufficiency. Therefore, `a determination that [a] conviction is supported by the weight of the evidence will also be dispositive of the issue of sufficiency.'" (Citations omitted.) State v.Morton, 9th Dist. No. 21047, 2002-Ohio-6458, ¶¶ 23-28.
{¶ 16} This Court will now apply the above standards accordingly to review appellant's first six assignments of error.
 III. FIFTH ASSIGNMENT OF ERROR
{¶ 17} "THE COURT COMMITTED ERROR IN FAILING TO GRANT MOTION OF APPELLANT FOR ACQUITTAL PURSUANT TO CRIM. R. 29(A) FOLLOWING PRESENTATION OF THE STATE'S EVIDENCE WITH REGARD TO THE CHARGES OF POSSESSION OF COCAINE AND POSSESSION OF DRUG PARAPHERNALIA BECAUSE THE STATE'S EVIDENCE WAS LEGALLY INSUFFICIENT TO SUPPORT A CONVICTION."
 SIXTH ASSIGNMENT OF ERROR
{¶ 18} "WITH REGARD TO COUNT SIX, POSSESSION OF COCAINE, AND COUNT SEVEN, POSSESSION OF DRUG PARAPHERNALIA, THE VERDICT AND CONVICTION OF APPELLANT WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
{¶ 19} In his fifth assignment of error, appellant argues the trial court erred in failing to grant his motion for acquittal with regard to the charges of possession of cocaine and possession of drug paraphernalia because the State's evidence was legally insufficient to support his convictions. In his sixth assignment of error, appellant argues that his convictions with regard to possession of cocaine and possession of drug paraphernalia were against the manifest weight of the evidence. This Court disagrees.
{¶ 20} Appellant was convicted of possession of cocaine, a violation of R.C. 2925.11.
{¶ 22} R.C. 2925.11 provides, in relevant part:
{¶ 22} "No person shall knowingly obtain, possess, or use a controlled substance [and]"
{¶ 23} "***
{¶ 24} "If the drug involved in the violation is cocaine or a compound, mixture, preparation, or substance containing cocaine, whoever violates division (A) of this section is guilty of possession of cocaine." R.C. 2925.11(A) and (C)(4).
{¶ 25} Appellant was also convicted of possession of drug paraphernalia, a violation of R.C. 2925.14(C)(1), which provides that "[n]o person shall knowingly use, or possess with purpose to use, drug paraphernalia."
{¶ 26} In this case, the officers testified that when they were making the felony weapon stop which involved appellant as a passenger in the suspect motor vehicle, they personally observed appellant cupping a shiny object in his hands. They testified that when they ordered the men in the vehicle to raise their hands so that the officers could see them, appellant did not cooperate. The officers testified that, upon approaching the passenger side of the vehicle where appellant was seated, and while they repeatedly ordered him to raise his hands, appellant continued to cup the shiny object in his hands. The officers testified that appellant eventually dropped the shiny object in his lap, where it went between his legs, and they then pulled him out of the vehicle.
{¶ 27} The officers further testified that they retrieved the shiny object, which was a socket used as a crack pipe. The officers also retrieved a glass crack pipe out of the passenger side door pocket of the vehicle. Both officers and the BCI forensic scientist tested both the socket and the glass pipe, and the residue within both objects tested positive for cocaine.
{¶ 28} Given the above facts, this Court cannot conclude that the jury clearly lost its way and created such a manifest miscarriage of justice that the convictions for possession of cocaine and possession of drug paraphernalia must be reversed and a new trial ordered. Appellant's fifth and sixth assignments of error are overruled.
 THIRD ASSIGNMENT OF ERROR
{¶ 29} "THE COURT COMMITTED ERROR IN FAILING TO GRANT MOTION OF APPELLANT FOR ACQUITTAL AS TO COUNT ONE, HAVING A CONCEALED WEAPON, COUNT TWO, HAVING A WEAPON UNDER DISABILITY, AND COUNT FOUR, HAVING A LOADED FIREARM IN A MOTOR VEHICLE, BECAUSE THE STATE'S EVIDENCE WAS LEGALLY INSUFFICIENT TO SUPPORT A CONVICTION ON THOSE CHARGES."
 FOURTH ASSIGNMENT OF ERROR
{¶ 30} "THE VERDICTS AND CONVICTIONS OF APPELLANT AS TO COUNT ONE, HAVING CONCEALED WEAPON, COUNT TWO, HAVING WEAPON UNDER DISABILITY, AND COUNT FOUR, HAVING LOADED FIREARM IN MOTOR VEHICLE WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
{¶ 31} In his third assignment of error, appellant argues the trial court erred in failing to grant his motion for acquittal with regard to the charges of carrying concealed weapons, having weapons while under disability, and improper handling of a firearm in motor vehicle because the State's evidence was legally insufficient to support his convictions. In his fourth assignment of error, appellant argues that his convictions with regard to carrying concealed weapons, having weapons while under disability, and improper handling of a firearm in motor vehicle were against the manifest weight of the evidence.
{¶ 32} For ease of discussion, this Court will first address these assignments of error only as to appellant's carrying concealed weapons conviction.
{¶ 33} Appellant was convicted of carrying concealed weapons, in violation of R.C. 2923.12(A), which provides that "[n]o person shall knowingly carry or have, concealed on his or her person or concealed ready at hand, any deadly weapon or dangerous ordnance."
{¶ 34} Appellant argues that no evidence whatsoever was presented during trial to show that he had concealed the weapon at any time or in any way from the police. Rather, appellant asserts that when the police stopped the vehicle he was riding in, appellant deposited the gun openly and obviously onto the highway in front of the officers.
{¶ 35} The officers testified that the passenger side door opened and appellant deposited the gun onto the road immediately after they stopped the vehicle. However, none of the officers testified to any concealment of the gun by appellant inside the vehicle, or that he in fact "concealed on his or her person or concealed ready at hand" the gun before he openly deposited it onto the road beside the vehicle.
{¶ 36} Given the above facts, this Court finds that, viewing the evidence in a light most favorable to the prosecution, a rational trier of fact could not have found that the evidence was sufficient to prove appellant was guilty of carrying concealed weapons. Our disposition of this charge with regard to appellant's third assignment of error renders his fourth assignment of error moot as to the carrying concealed weapons conviction only. See App.R. 12(A)(1)(c).
{¶ 37} We now address these assignments of error as to appellant's having weapons while under disability and improper handling of a firearm in a motor vehicle convictions.
{¶ 38} Appellant was also convicted of having weapons while under disability, in violation of R.C. 2923.13, and improper handling of a firearm in motor vehicle, in violation of R.C. 2923.16.
{¶ 39} R.C. 2923.13 provides, in relevant part:
{¶ 40} "Unless relieved from disability as provided in section2923.14 of the Revised Code, no person shall knowingly acquire, have, carry, or use any firearm or dangerous ordnance, if any of the following apply:
{¶ 41} "***
{¶ 42} "The person is under indictment for or has been convicted of any felony offense of violence or has been adjudicated a delinquent child for the commission of an offense that, if committed by an adult, would have been a felony offense of violence." R.C. 2923.13(A)(2).
{¶ 43} R.C. 2923.16(B) provides that "[n]o person shall knowingly transport or have a loaded firearm in a motor vehicle in such a manner that the firearm is accessible to the operator or any passenger without leaving the vehicle."
{¶ 44} In this case, the parties stipulated that appellant was under disability at the time of he was arrested. The judge met with both attorneys and confirmed such before changing the following jury charge on the record, outside of the presence of the jury:
{¶ 45} "I have been reviewing the Jury Charge with counsel and the following changes have been made to the original draft: At page 8 the stipulation will be, `The parties have stipulated or agreed that on September the 27th, 2001 Defendant was under Indictment and had been convicted of an offense of violence. I instruct you as a matter of law the State of Ohio need not present any further evidence to present this element of the offense in Count Two.'"
{¶ 46} Furthermore, several officers testified to witnessing appellant open the passenger side door, transport a gun out of the vehicle by holding out his arm and placing the gun on the road, and then close the passenger side door. One officer testified that when he recovered the gun from the road where appellant had deposited it, he discovered that the gun was loaded and he immediately unloaded the bullets to make it safe to handle. Another officer testified that, after he transported appellant to the police station and returned to his vehicle to conduct a routine search of its back seat, he found bullets in the seat cushion where appellant sat during transport to the police station. Testimony was given that the bullets found in the gun matched those found in the seat where appellant sat during transport.
{¶ 47} Given the above facts, this Court cannot conclude that the jury clearly lost its way and created such a manifest miscarriage of justice that the convictions for having weapons while under disability and improper handling of a firearm in a motor vehicle must be reversed and a new trial ordered. With regard to these two convictions, appellant's third and fourth assignments of error are overruled. With regard to the conviction for carrying concealed weapons, appellant's third assignment of error is sustained.
 FIRST ASSIGNMENT OF ERROR
{¶ 48} "AS TO COUNT FIVE, TAMPERING WITH EVIDENCE, THE COURT COMMITTED ERROR IN FAILING TO GRANT MOTION OF APPELLANT FOR ACQUITTAL PURSUANT TO CRIM. R. 29(A) FOLLOWING PRESENTATION OF THE STATE'S EVIDENCE, BECAUSE THE STATE'S EVIDENCE WAS LEGALLY INSUFFICIENT TO SUPPORT A CONVICTION."
 SECOND ASSIGNMENT OF ERROR
{¶ 49} "WITH REGARD TO COUNT FIVE, TAMPERING WITH EVIDENCE, THE VERDICT AND CONVICTION OF APPELLANT WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
{¶ 50} In his first assignment of error, appellant argues the trial court erred in failing to grant his motion for acquittal with regard to the charge of tampering with evidence because the State's evidence was legally insufficient to support his convictions. In his second assignment of error, appellant argues that his conviction with regard to tampering with evidence was against the manifest weight of the evidence.
{¶ 51} Appellant was convicted of tampering with evidence, in violation of R.C. 2921.12.
{¶ 52} R.C. 2921.12 provides, in relevant part:
{¶ 53} "No person, knowing that an official proceeding or investigation is in progress, or is about to be or likely to be instituted, shall ***:
{¶ 54} "Alter, destroy, conceal, or remove any record, document, or thing, with purpose to impair its value or availability as evidence in such proceeding or investigation[.]" R.C. 2921.12(A)(1).
{¶ 55} Appellant argues that no evidence whatsoever was presented during trial to show that he had tampered with evidence when the police stopped the vehicle in which he was a passenger. Rather, appellant asserts that when the police stopped the vehicle, he deposited the gun openly and obviously onto the highway in front of the officers.
{¶ 56} The officers provided no testimony that they witnessed appellant altering, concealing, or attempting to destroy the gun when they stopped the vehicle. Rather, the officers' testimony was clear that appellant openly deposited the gun on the road in their plain view. Testimony that the gun was loaded when police retrieved supports the contention that appellant did not alter, conceal, or attempt to destroy the gun when police stopped the vehicle.
{¶ 57} Given the above facts, this Court finds that, viewing the evidence in a light most favorable to the prosecution, a rational trier of fact could not have found that the evidence was sufficient to prove appellant was guilty of tampering with evidence. Our disposition of this charge with regard to appellant's first assignment of error renders his second assignment of error moot. See App.R. 12(A)(1)(c).
{¶ 58} Appellant's first assignment of error is sustained.
 SEVENTH ASSIGNMENT OF ERROR
{¶ 59} "APPELLANT WAS DENIED HIS CONSTITUTIONAL RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL AS TO THE DEFENSE PROVIDED HIM AS TO ALL COUNTS OF THE INDICTMENT."
{¶ 60} In his seventh assignment of error, appellant argues that he was denied his right to effective assistance of counsel with regard to the defense provided him by his trial attorney. This Court disagrees.
{¶ 61} A two-step process is employed in determining whether the right to effective counsel has been violated:
{¶ 62} "First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland v. Washington
(1984), 466 U.S. 668, 687, 80 L.Ed.2d 674.
{¶ 63} In demonstrating prejudice, the defendant must prove that "there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." State v.Bradley (1989), 42 Ohio St.3d 136, paragraph three of the syllabus. In addition, the court must evaluate "the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Strickland, 466 U.S. at 690,80 L.Ed.2d at 695. The defendant has the burden of proof, and must overcome the strong presumption that counsel's performance was adequate and that counsel's action might be sound trial strategy. State v. Smith (1985),17 Ohio St.3d 98, 100. Furthermore, an attorney properly licensed in Ohio is presumed competent. State v. Lott (1990), 51 Ohio St.3d 160, 174.
{¶ 64} Appellant argues several reasons why his attorney failed to provide him with effective assistance of counsel at trial. Specifically, appellant contends that his attorney prejudiced him with the wording his attorney used during his opening statement to the jury. Appellant also asserts his attorney had a mistaken understanding of peremptory challenges, failed to object to the BCI forensic scientist's testimony, the order in which the police officers testified, and the admission of certain exhibits into evidence. Lastly, appellant claims his attorney erred by mentioning appellant's pending felony indictment during the trial and by not conducting certain witness interviews prior to trial.
{¶ 65} After careful evaluation of the challenged conduct of appellant's trial attorney on the facts of this particular case, this Court finds that appellant has failed to meet his burden of proof and his arguments are without merit. It is well settled that an attorney's decision to not object, to not conduct certain interviews, and to address particular circumstances of the case are "debatable trial tactics [that] generally do not constitute a deprivation of effective counsel." Statev. Phillips (1995), 74 Ohio St.3d 72, 85. Appellant has not provided evidence to contradict that his trial attorney's performance was adequate and that counsel's action, as well as inaction, was sound trial strategy under the circumstances of the case. Appellant's seventh assignment of error is overruled.
 IV.
{¶ 66} Accordingly, appellant's assignments of error claiming his convictions for having weapons while under disability, improper handling of a firearm in motor vehicle, possession of cocaine, and possession of drug paraphernalia were against the manifest weight of the evidence are overruled. Appellant's assignment of error claiming ineffective assistance of counsel is also overruled. However, appellant's assignments of error claiming the State's evidence was insufficient to prove appellant was guilty of tampering with evidence and carrying concealed weapons are sustained. The judgment of the trial court is affirmed in part and reversed in part.
BAIRD, P.J. and WHITMORE, J. CONCUR.