DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a sexual predator determination rendered in the Lucas County Court of Common Pleas. Because we conclude that there was sufficient evidence to classify appellant as a sexual predator and he was not denied effective assistance of counsel, we affirm.
On April 30, 1984, appellant, James Jordan, and a companion accosted a 31 year old woman in the parking garage of a Toledo hotel. Holding a screw driver to the woman's neck, the pair blindfolded her and forced her into the trunk of her own car. The two then drove the woman to an alley where they robbed and raped her.
 {¶ 2} A month later, appellant and his companion used a gun to abduct a 19 year old student nurse who was waiting in a car for a friend. The second abduction was frustrated, however, when police stopped the car for a traffic violation.
 {¶ 3} Appellant was named in an eight count indictment charging two counts of kidnaping, one with a firearm specification, rape, aggravated robbery with a firearm specification, carrying a concealed weapon and having a weapon under disability. A year later, appellant pled guilty to a single count of rape and single count of aggravated robbery with a firearm specification. He was sentenced to a three year term of incarceration on the firearm specification, which was to be served consecutive with and prior to two concurrent indefinite terms of 7-25 years for the rape and aggravated robbery.
 {¶ 4} In 1996, appellant was paroled. However, in March 1997, appellant's parole was revoked after he was the object of a domestic violence complaint.
 {¶ 5} In 2002, pursuant to R.C. 2950.09, appellant was referred for a sexual offender classification hearing before the trial court. The court appointed counsel for appellant and referred him to the Court Diagnostic and Treatment Center ("CDTC") for evaluation.
 {¶ 6} Following standardized testing and an interview with appellant, a CDTC psychologist recommended that appellant be classified as a sexual predator.
 {¶ 7} After disclosure of the CDTC report, appellant requested a second evaluation. Appellant also moved to dismiss the proceedings on the ground that he was not incarcerated on January 1, 1997, the day R.C. Chapter 2950 became effective.
 {¶ 8} The trial court granted appellant's motion for a second evaluation, referring him to a different CDTC psychologist, but denied his motion to dismiss. In the end, the second CDTC psychologist submitted a report and recommendation concurring with that of the first examiner: appellant should be classified as a sexual predator.
 {¶ 9} When the matter proceeded to a final hearing, appellant waived the hearing and consented to the admission of the two CDTC reports. The court entered an order classifying appellant as a sexual predator. From this order, appellant now brings this appeal, setting forth the following three assignments of error:
 {¶ 10} "First assignment of error
 {¶ 11} "The finding that appellant be classified as a sexual predator should be overturned because the evidence before the court was insufficient to make a finding that appellant is indeed, a sexual predator.
"Second assignment of error
 {¶ 12} "The trial court erred by accepting appellant's waive [sic] of his right to a hearing on sexual offender classification because it failed to insure such waiver was knowingly and voluntarily made.
 {¶ 13} "Third assignment of error
 {¶ 14} "Appellant was prejudiced by the failure of appointed counsel to render effective assistance with respect to sexual offender classification proceedings."
 Sufficiency of the Evidence {¶ 15} A sexual offender classification proceeding is civil in nature. See, State v. Cook (1998), 83 Ohio St.3d 404, 415-418; State v.Furlong (Feb. 6, 2001) Franklin App. No. 00AP-637. If, after such a proceeding, the court finds, by clear and convincing evidence, R.C.2950.09(B)(4); State v. Cook at 408, that a person has been convicted or pled guilty to the commission of a sexually oriented offense and is likely to engage in future sexually oriented offenses, then the court must classify that offender as a "sexual predator." R.C. 2950.01(E); R.C.2950.09(B)(4). Rape is a sexually oriented offense. R.C. 2950.01(D)(1)(a). Clear and convincing evidence is greater than a preponderance, but less than beyond a reasonable doubt as required in a criminal case. It is evidence sufficient to produce in the mind of the factfinder a firm belief or conviction as to the facts to be established. Cross v. Ledford
(1954), 161 Ohio St. 469, paragraph 3 of the syllabus.
In this matter, appellant insists that the court psychologists' findings and recommendations were improper because they did not have a report of appellant's prison behavior or the results of two sexual offender treatment programs that he completed while incarcerated. Moreover, since the court premised its classification of appellant as a sexual predator only on these inadequate psychological reports and the bare facts of appellant's single 18 year old rape conviction, appellant asserts that there was insufficient evidence to sustain the classification. These facts, according to appellant, are materially the same as those in which a sexual predator classification was vacated inState v. Eppinger (2001), 91 Ohio St.3d 158.
 {¶ 16} In 1988, Lewis Eppinger was convicted of kidnaping, assault and two counts of rape. At a 1997 sexual offender classification proceeding, Eppinger requested that the court appoint a psychologist or psychiatrist to evaluate his propensity to re-offend. The court denied the motion, stating that it was an unnecessary expense. The court opined, moreover, that it would be more likely to accept the "testimony of a gypsy" over that of a psychologist with respect to predicting an individual's future conduct.
 {¶ 17} At the classification hearing, the judge relied, over Eppinger's objection, on his own recollection of Eppinger's original trial which he characterized as for "* * * a heinous form of rape." This finding, "* * * in conjunction with [Eppinger's] background and history * * *" dictated a conclusion that Eppinger should be classified as a sexual predator, according to the trial court.
On appeal, the court of appeals reversed Eppinger's classification and remanded the matter for the appointment of a psychological expert and to conduct a hearing wholly in conformity with R.C. 2950.09. State v.Eppinger (May 11, 1999), Cuyahoga App. No. 42686. The Supreme Court of Ohio affirmed the court of appeals, but, in its syllabus, modified the intermediate court's ruling with respect to appointment of a psychological expert. Instead of requiring the appointment of an expert, the court ordered the matter remanded for the trial court to determine, in its discretion, whether an expert should be appointed. The court also "adopted" a prototype of a "model sexual offender classification hearing." State v. Eppinger (2001) at 166. This model included 1) a thorough review of the record of the offender's original convictions, 2) consideration of the appointment of a psychological expert and 3) consideration of the R.C. 2950.09(B)(2) factors.
 {¶ 18} The ratio decidendi, the rule of law, see, Columbia Gas v.Crestline Paving, 6th Dist. App. No. L-02-1093, 2003 Ohio 793, ¶ 18, announced by the Eppinger court is that a sexual offender classification court should consider, in its discretion, appointment of a psychological expert to assist the defendant. The remainder of theEppinger opinion, as noted in the dissent, tends to be "advisory." Statev. Eppinger at 169, (Cook, J., concurring in part and dissenting in part). In any event, we do not believe the Eppinger "model" hearing to be an immutable requirement.
In this matter, while it is true that certain records were unavailable to the court, there was substantial evidence of appellant's original offense available not only through court documents but by appellant's self reporting to the two psychologists that the court appointed to examine him. Indeed, one of these psychologists used that information and the results of the evaluative tests which were conducted to submit as part of his report a section by section analysis of the R.C. 2950.09(B)(2) factors. The reports of both psychologists were admitted with appellant's express approval. Both reports concluded that appellant was a psychopathic personality who was likely to re-offend. Given this, we conclude that there was sufficient evidence presented by which the trial court could have properly determined that appellant should be classified as a sexual predator.
 {¶ 19} Accordingly, appellant's first assignment of error is not well-taken.
 II. Waiver of Hearing {¶ 20} In his second assignment of error, appellant complains that the trial court erred in permitting him to waive his classification hearing without first insuring that such waiver was knowingly and voluntarily given.
 {¶ 21} As we noted earlier, a sexual offender classification proceeding is civil in nature, rather than criminal. In this assignment of error, appellant seems to argue that, prior to permitting appellant to waive his hearing, the court should have engaged in a Crim.R. 11 type colloquy to insure that such a waiver was intelligently, knowingly and voluntarily given. See State v. Ballard (1981), 66 Ohio St.2d 473. We decline to impose the more technical aspects of that rule into this circumstance. It is sufficient that the trial court satisfied itself that a party to a sexual offender classification procedure is aware of the potential consequence of his or her waiver and is acting without coercion. The colloquy conducted by the trial court in this matter was sufficient to meet this standard.
 {¶ 22} Accordingly, appellant's second assignment of error is not well-taken.
 III. Ineffective Assistance of Counsel {¶ 23} Again, because a sexual offender classification proceeding is civil in nature, no right to counsel attaches under the constitutions of the United States or Ohio. State v. Furlong (Feb. 6, 2001) Franklin App. No. 00AP-637. Nevertheless, R.C. 2950.09(B)(2) statutorily provides an offender a right to counsel, meaning the effective assistance of counsel. Id.
 {¶ 24} In Ohio, a properly licensed attorney is presumed competent and the burden of proving ineffectiveness is the defendant's. State v.Smith (1985), 17 Ohio St.3d 98, 100. The defendant must first demonstrate that counsel made errors so serious that he or she was not acting as "counsel." Second, the defendant must show that counsel's deficient performance prejudiced the defense. Strickland v. Washington (1984),466 U.S. 668, 687. Actions of counsel which "might be considered sound trial strategy," are presumed effective. Id. "Prejudice" exists only when the lawyer's performance renders the result of the proceeding unreliable or unfair. Id. at 694.
Appellant now insists that his trial counsel was ineffective because she failed to object to the appointment of a second psychologist from CDTS, for failing to offer any argument at the classification hearing and for failing to attack the psychologists' reports on the grounds raised in his first assignment of error.
 {¶ 25} We are in no position to delve into the dynamics of the attorney-client relationship here. We can note that on the record, in open court, with appellant present, trial counsel informed the court that she had discussed the matter with appellant and, "he has asked me to waive his right to a formal hearing, he understands he does have the right to confront and cross-examine state's witnesses and he is agreeing to allow the two [psychological] reports * * *. He would have no objection to their admission into evidence and he would simply allow the court to make a finding and classification based on those reports."
 {¶ 26} The court then addressed appellant directly and made certain that he was aware of the ramifications of this waiver and that it, in effect, constituted consent to be classified a sexual predator. Appellant responded that he was aware of this.
 {¶ 27} Were this a criminal matter, appellant's waiver would have been the equivalent of a guilty plea. Since, at this time he entered the waiver, he was aware of all of the things he now claims constitute ineffective assistance of counsel, he cannot consistently complain of counsel's deficiency based on these complaints. Moreover, he has failed to even alleged that but for these "deficiencies" the result of the hearing would have been different. Therefore, appellant has failed to prove either prong of the Strickland test.
Accordingly, appellant's third assignment of error is not well taken.
 {¶ 28} Upon consideration whereof, the judgment of the Lucas County Court of Common Pleas is affirmed. Costs to appellant.
 JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, P.J., Richard W. Knepper, J., and Arlene Singer,J., CONCUR.